**In re VERMONT REAL ESTATE INVESTMENT TRUST, Debtor.**

**Bankruptcy No. 82–00033.**

United States Bankruptcy Court, D. Vermont.

May 12, 1982.

Elizabeth Gentile, pro se and David Putter, Montpelier, Vt., for Elizabeth Gentile.

William B. Gray, Rutland, Vt., for Estate of Thomas P. Sawyer and for Margaret L. Baird.

Julian R. Goodrich, Montpelier, Vt., for debtor.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

Elizabeth Gentile, pursuant to § 1102(c) of the Bankruptcy Code, filed a Motion to change the membership of the Committee of Creditors holding unsecured claims. This was resisted by John R. Durrance, Jr., Administrator of the Estate of Thomas P. Sawyer, and by Margaret L. Baird, who are listed in the Schedules as holding unsecured claims in the amounts of $225,000.00 and $50,000.00, respectively, and who are members of the Committee of Unsecured Creditors. They predicate their resistance on the ground that the movant, Elizabeth Gentile, until recently allegedly has been employed by the Debtor, Vermont Real Estate Investment Trust, and is married to Charles E. Crowell, its chief operating officer until removed by the present trustees of the Debtor in January, 1982. They contend that it is unrealistic to expect Elizabeth Gentile to preserve the confidences of the Committee of Creditors and her presence will impair its effectiveness.

The Debtor also filed an objection to her appointment on the grounds that she is married to Charles Crowell, the president of the Vermont Investment Trust from its formation until January 18, 1982, and as

such was chiefly responsible for the management of the trust. The Debtor contends that Gentile, individually, and as a principal of Steele Associates participated in the management of the trust through Crowell and aided and abetted him in fraudulent actions and misrepresentations upon the trust and by the trust upon others; that Gentile and Crowell are both defendants in a civil action brought by the Debtor and that the interests of Gentile are adverse to those of the unsecured creditors, the secured creditors, and the security holders of the trust. The aforesaid action was instituted in Washington Superior Court and it has since been ordered removed to this Bankruptcy Court.

## FINDINGS OF FACT

From the records in this case, the testimony adduced at the hearing and the exhibits received, the following Facts are established:

The Debtor, Vermont Real Estate Investment Trust, was, pursuant to a Declaration of Trust dated July 15, 1980, organized under the laws of the State of Vermont and has since been in the business of investing in real estate. It filed its Petition for Relief under Chapter 11 of the Bankruptcy Code on February 16, 1982.

Elizabeth S. Gentile is married to Charles Crowell, the president and executive officer of the Debtor, although she retains her prior name. On November 18, 1981, before her marriage to Crowell, she received some proceeds from a trust and invested the sum of $20,000.00 in commercial paper handled by the Debtor. This investment was evidenced by a check paid to the Debtor dated November 18, 1981 in the sum of $20,000.00 for which Gentile was to receive a note from the Debtor in the principal sum of $20,000.00 with interest payable at the rate of 16.0% per annum. This note was never received by Gentile but the obligation of the Debtor to her was documented on a "commercial paper record" showing the initial payment to the Debtor of $20,000.00 and a balance due as of January 31, 1982, including interest of $20,549.58. Under the

arrangement between the Debtor and Gentile the original amount was reinvested every 30 days and Gentile had the right to repayment upon request.

By letter dated February 1, 1982 the Debtor, through Rosemary Berkeley, recognized by virtue of an audit of its financial statements through Smith, Batchelder and Rugg, accountants, that it was obligated to Gentile as of December 31, 1981 for commercial paper on a note dated December 1, 1981 in the then sum of $20,320.20.

Gentile has never been individually employed by the Debtor. However, on March 17, 1981, she organized a Vermont corporation under the name of "Steele Associates, Inc." for the purpose of providing real estate management services. In the Articles of Association Charles Crowell was named one of the directors, but a short time thereafter Gentile's brother was substituted as a director for Crowell.

Shortly after May 1, 1981 Steele Associates, Inc., entered into a contract with the Debtor for the management of its trust property located at 1306 Ethan Allen Drive in Colchester, Vermont and the Corporation did in fact perform services under this contract with the Debtor. It was strictly a corporate endeavor and Gentile was not individually involved.

The suit instituted by the Debtor and its present trustees against Charles E. Crowell in Washington Superior Court is for $1,000,-000.00 under Complaint dated February 19, 1982. It also names Elizabeth Gentile as defendant alleging that Crowell diverted money to her d/b/a Steele Associates for supposedly managing the 32-unit apartment property in the Town of Colchester, Vermont, when said money paid was in excess of the worth of any labor spent on managing said property.

## CONCLUSIONS

The evidence establishes that Elizabeth Gentile is an unsecured creditor with a balance due her from the Debtor as of January 31, 1982 of $20,549.58. She is not listed as a creditor in the Schedules filed by the Debt-

or but Steele Associates is shown as unsecured under Schedule A-3 for personal services in the sum of $200.00.

The list of the ten largest unsecured creditors submitted by the Debtor shows that the only two having claims in excess of that of Gentile are Margaret Louise Baird and John Durrance, administrator of the Estate of Thomas Sawyer. It follows, therefore, that Elizabeth Gentile is entitled to consideration for appointment to the Committee of Unsecured Creditors under § 1102 of the Bankruptcy Code. This section provides that the Court is obligated as soon as practicable after the Order for Relief under Chapter 11 to appoint a Committee of Creditors holding unsecured claims which shall ordinarily consist of the persons willing to serve that hold the seven largest claims against the debtor of the kinds represented on such committee. See subparagraphs (a)(1) and (b)(1).

A creditor is defined as an entity holding a claim against the debtor that arose at the time of or before the Order for Relief concerning the debtor. § 101(9)(A) of the Bankruptcy Code. Under § 101(4) a "claim" means the right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

It follows that Gentile is a creditor and is unsecured. Since she is the third largest creditor she has satisfied the elements necessary for her appointment to the Committee of Unsecured Creditors. These have been defined in the case of *In Re Bennett*, 17 B.R. 819–820 as follows:

"Those elements are:

1) one must be a creditor;

2) one must hold a claim; and

3) the claim held must be unsecured."

It is true that she is married to Charles Crowell, the former president and executive manager of the Debtor, who has been charged in the million dollar suit instituted by the Debtor with mismanagement and fraud. By virtue of her marriage to Crowell, she is an insider. See § 101(25) of the Code under which a relative of a director, officer or person in control of the debtor is an "insider." Under the Legislative History an insider is defined as one who has a sufficiently close relationship with the debtor that his conduct is made subject to closer scrutiny than those dealing at arm's length with the debtor. However, even though Gentile is an insider she is not precluded from serving on the Committee of Unsecured Creditors. Section 1102(b)(1) specifically makes eligible for appointment a person willing to serve who holds one of the seven largest claims against the Debtor of the kinds represented on such committee. The statute declares no exception. The Legislative History recognizes this by the following language:

"Subsection (b) contains precatory language directing the court to appoint the persons holding the seven largest claims against the debtor of the kinds represented on a creditors' committee ..." House Report No. 95–595, 95th Cong., 1st Sess. (1977) 401, U.S.Code Cong. & Admin. News 1978, pp. 5787, 6357.

The Court is aware that Interim Rule 1007(a) requires the debtor to file with his Petition a list containing the names and addresses of the ten largest unsecured creditors, excluding insiders. From this it would appear that insiders are not eligible to appointment to the Committee of Unsecured Creditors. However, this Rule attempts to modify the statute; i.e., § 1102(b)(1) which makes eligible, without exception, for appointment to the committee of unsecured creditors those holding the seven largest claims. An insider is not excluded. In effect, the net result of this Interim Rule is to supersede the statute and this is not permissible under the Code. The Interim Rules were intended as temporary rules to be adopted pending promulgation of permanent Rules of Bankruptcy Procedure. 1 Collier, 15th Ed., § 3.04, pages 3–331-2. It seems logical that they should not contravene the provisions of the Bankruptcy Code. Even the Rules which are to be promulgated cannot supersede a statute but only implement it procedurally. 1 Collier on Bankruptcy, 15th Edition, § 3.04,

page 3–330. It follows that Gentile, even as an insider, is eligible for appointment to the committee.

Gentile is also a party to the suit instituted by the Debtor. However, as matters now stand, these charges are merely allegations and require proof in an evidentiary hearing. Gentile has testified that she will disqualify herself as a member of the Committee of Unsecured Creditors in any matter in which there is a conflict of interest. The Court feels that she will not violate the oath that she has taken as a witness. Further, a copy of this Memorandum and Order is being transmitted to the present members of the Committee of Unsecured Creditors so that they may be fully aware of the marital status of Gentile. It will also be made a condition of the Order of Appointment that she is not to participate in any discussion by members of the Committee concerning the suit now pending by the Debtor against Crowell.

Under the circumstances the Court feels that generally she is in a position to perform her duties as a member of the Committee which comprise the following as prescribed under § 1103(c) of the Bankruptcy Code, viz:

"(1) consult with the trustee or debtor in possession concerning the administration of the case;

(2) investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matters relevant to the case or to the formulation of a plan;

(3) participate in the formulation of a plan, advise those represented by such committee of such committee's recommendation as to any plan formulated, and collect and file with the court acceptances of a plan;

(4) request the appointment of a trustee or examiner under section 1104 of this title, if a trustee or examiner, as the case may be, has not previously been appointed under this chapter in the case; and

(5) perform such other services as are in the interest of those represented."

It is also noted *In Re Bennett*, supra, the Court did not disqualify a party from becoming a member of the Committee of Unsecured Creditors because of previous allegations of fraud made by the Debtor against the proposed Committee member.

§ 702(a)(3) of the Code provides that an insider is not eligible to vote for a trustee. Therefore, provision is being made disqualifying Gentile from voting for a trustee in the event that one becomes necessary either in the Chapter 11 proceeding or a subsequent liquidation.

In sum, the Court feels that her pecuniary interest as the third largest creditor is such that it would be inequitable to disqualify her from all activity of the Committee of Unsecured Creditors. She should be a member subject to certain restrictions.

### ORDER

Upon the foregoing,

IT IS HEREBY ORDERED as follows:

1. Pursuant to § 1102(c), Elizabeth Gentile is hereby added to the Committee of Unsecured Creditors.

2. Gentile is prohibited as a member of such Committee from participating in any discussion of the pending lawsuit instituted by the Debtor for One Million Dollars against Crowell, her and others.

3. Gentile shall not participate in the election of any trustee either under Chapter 11 or a possible ensuing Chapter 7 liquidation.