In re Jack J. GRYNBERG, a/k/a Jack Jakob Grynberg, a/k/a Jack Grynberg, d/b/a Jack Grynberg and Associates, a/k/a Jack Grynberg & Associates, Debtor.

Bankruptcy No. 81 B 00821 M.

United States Bankruptcy Court,
D. Colorado.

April 9, 1981.

Ernest W. Lohf, Denver, Colo., for debtor.

James Ruh, Denver, Colo., for Paul Danzig, Louis Degen, Robert Russell, and Carl Zwerner.

Michael E. Katch, Denver, Colo., for Oceanic Exploration Co.

Stephen E. Snyder, Denver, Colo., for Colorado School of Mines Foundation, Inc.

Dolores B. Kopel, United States Trustee, Denver, Colo.

## MEMORANDUM OPINION AND ORDER REGARDING THE CREDITOR'S COMMITTEE

JOHN P. MOORE, Bankruptcy Judge.

THIS MATTER arises upon a motion of certain creditors seeking an order changing

the membership of the creditor's committee pursuant to 11 U.S.C. § 1102(c). In the exercise of the authority vested in her by 11 U.S.C. § 151102(a), the United States Trustee has refused to appoint to the committee creditors holding disputed claims. Accordingly, the pending motions were filed seeking a review of the United States Trustee's decision and the appointment of certain named creditors. I conclude that there is no statutory basis for the exclusion of creditors holding disputed unsecured claims. I further conclude the Court should not order the appointment of specific creditors at this juncture.

■ My conclusions are based upon the specific language of the Code, starting with § 151102(a) which states:

As soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims.

Accordingly, two things are initially clear. First, the statute vests the United States Trustee with discretion and latitude in the selection of members who are to serve on the committee. Second, there is only one qualification for membership set by statute and that is the persons appointed must be creditors holding unsecured claims.

To refine that qualification, we turn to the definition of "creditor" contained in § 101(9)(A) and find that a creditor is one who "has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor". Then, in § 101(4)(A) we find that a "claim" is a:

[R]ight to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, immatured, *disputed*, undisputed, legal, secured, or unsecured * * *. (emphasis added)

Therefore, simply by employing the appropriate definitions we find that a creditor whose claim is disputed is nonetheless a creditor holding an unsecured claim. Since § 151102(a) imposes no further limitation, I can find no legal foundation for the exclusion of a creditor from membership on the creditor's committee simply because that creditor's right to payment is disputed by the Debtor.

■ Moreover, it is clear that the creditor's committee must be representative. Congress has given the Court power to order reformation of a committee chosen by the United States Trustee which "is not representative of the different kinds of claims or interests to be represented." 11 U.S.C. § 1102(c). In my judgment, an arbitrary exclusion of creditors representing an entire "kind" of claim [here, those whose claims are in dispute] denies those creditors their right to representation. Obviously, the result of such arbitrary action is a non-representative committee which, in turn, mandates judicial intervention under § 1102(c).[1]

■ That brings us to the point of whether the Court should order the appointment of specific members in this case. Creditors have suggested the Court order their appointment to the committee,[2] but is that the Court's function at this time? As I view the Code, that question must be answered in the negative.

In my judgment § 1102(c) must be read in conjunction with § 151102(a) and (b). When that is done, it becomes clear that in keeping with the separation of the administrative role of the United States Trustee[3] and the adjudicative function of the Court, the initial selection of the members of the creditor's committee (which is a purely administrative function) ought to be, and is, left to the United States Trustee. The Court's present role is only to determine

---

**1.** It should also be observed that the course followed by the United States Trustee could ultimately lead to manipulation of the choice of the creditor's committee by a debtor who chose to dispute certain claims. That is not the case here, however, as the disputes appear bona fide.

**2.** They have also initially sought the removal of others, but that endeavor has been abandoned.

**3.** See: 28 U.S.C. § 586(a)(3).

whether the committee appointed by the United States Trustee is representative, and finding it not to be, to order its change to achieve that result.

At this juncture then, since the United States Trustee has omitted creditors from membership on the committee because they held disputed claims, the Court's only function is to order that omission rectified. It would seem to me to violate the separation of administrative and adjudicative functions were the Court to go beyond that function and order the appointment of specific creditors.

The United States Trustee is certainly able to reconsider her selections and make appropriate choices in keeping with the conclusions arrived at by the Court. It should not be presumed that she will abuse her discretion, nor should the Court step beyond its adjudicative role at this point. Accordingly, it is

ORDERED that the United States Trustee be, and she is hereby, directed to expand the composition of the creditor's committee in this case to include a creditor or creditors holding disputed unsecured claims.