In re DAIG CORPORATION, Debtor.

Bankruptcy No. 4–81–1159(O).

United States Bankruptcy Court,
D. Minnesota.

Aug. 17, 1981.

Richard D. Holper, Minneapolis, Minn., for debtor Daig Corp.

Paul J. Scheerer and Diane Malfeld, Minneapolis, Minn., for INCO Electro Energy.

Joseph McDonald, Minneapolis, Minn., appeared for Centraire, Inc.

## ORDER

KENNETH G. OWENS, Bankruptcy Judge.

This matter is before the Court on the motion of debtor under 11 U.S.C. Section 1102(c) to change the membership of the committee of creditors holding unsecured claims as appointed by the United States Trustee pursuant to 11 U.S.C. Section 151102(a) which seeks to remove from the committee as presently constituted representatives of Taping, Inc., Centraire, Inc., and INCO Electro Energy Corp. (INCO), and to restore a representative of Lake Region Manufacturing Company originally appointed to the committee by the United States Trustee but subsequently removed by him.

Richard D. Holper appeared on August 5, 1981 for debtor Daig Corporation in support of the motion and Paul J. Scheerer and Diane Malfeld appeared for INCO Electro Energy in opposition. Joseph McDonald appeared for Centraire, Inc. and advised the Court of that creditor's retirement from the committee thus mooting the motion as to it. The arguments were heard and the Court, having now received memoranda from counsel for the now affected parties and a letter from the United States Trustee relating the predicate for his original appointments, the removal of Lake Region, and refusal to otherwise alter the membership of the committee, is now prepared to rule.

The motion is moot as to Centraire, Inc. which, as indicated, has now retired from the committee, and is similarly moot as to Taping, Inc., that entity having retired prior to the hearing. Those retirements apparently reflect some doubt as to the unsecured status of those entities, claimants of mechanic's liens which may or may not attach to the property of the estate.

■ The Court indicated at the hearing that the motion so far as it sought restoration of Lake Region Manufacturing Company to the committee would be denied and such was noted on the docket. Subsequent to the United States Trustee's appointment of that entity to the committee on June 22, 1981, he discovered its representative and principal operating officer Joseph F. Fleischacker is the father of John J. Fleischaker, chairman of the debtor, and an insider as defined in the Bankruptcy Code. The debtor does not dispute that the personal relationship is such that the presence of Joseph F. Fleischaker as representative of Lake Region would be improper and not representative of the interests of general unsecured creditors. It does point out that Lake Region Manufacturing holds the largest claim of any supplying creditor, that its presence on the committee would aid the debtor in its dealings with that particular type of creditor, and suggests that it might be restored to the committee if represented thereon by some other individual, its legal counsel being suggested as a proper representative. I conclude however that the presence of any of its representatives on the board would be improper as imperiling the necessary confidentiality of communication and discussion among the proper members of the committee. Since the action of the United States Trustee was justified, it would be improper for the Court to substitute its judgment in that regard.

The duty of the Court to appoint a committee of creditors holding unsecured claims under 11 U.S.C. Section 1102(a)(1) is preempted in this and in other U.S. Trustee's districts by 11 U.S.C. Section 151102(a) imposing that duty on such trustee. However as indicated in 11 U.S.C. Section 1102(b)(1) such committee shall " * * * ordinarily consist of the persons, willing to serve, that hold the seven largest claims against the debtor of the kinds represented on such committee * * * ". The only other statutory adjuration is that the membership of the committee must be "representative" of the kinds of claims represented by such committee, and if it is not "representative", the Court on request and after notice and hearing may direct appropriate changes in its membership pursuant to 11 U.S.C. Section 1102(c). Under the statutory scheme as effective in U.S. Trustee's districts any change directed by the Court is to be accomplished through an alternative appointment by the U.S. Trustee. The trustee having appointed a substitute for Lake Region Manufacturing Company no further direction in that regard is required.

INCO Electro Energy Corporation (INCO) which claims no security holds the largest single claim against the debtor. It seems undisputed that the amount of the INCO claim is larger in amount than the claims of all other creditors, secured and unsecured combined. The claim or indebtedness arises by reason of debtor's purchase from INCO of a dominant approximate 77% shareholder interest in a third corporation Medcor, Inc. on whose behalf a separate Chapter 11 case has been instituted in this Court. At the present stage of proceedings, the claim would appear to be a general unsecured claim ordinarily entitled to repre-

sentation as one of the seven largest under 11 U.S.C. Section 1102(b)(1).

The debtor contends that INCO should be removed because it "disputes" the claim and by reason of the nature of the claim. Debtor suggests that policy dictates the committee should be so constituted as to maximize economy in its dealings with the debtor and encourage its assistance to the debtor in its attempt to reorganize. The debtor points out that the INCO claim is so preponderant as to require debtor to negotiate separately with it concerning its claim and that the nature of the obligation which arose out of the stock purchase separates that creditor from the interests of unsecured creditors generally.

■ While there may be merit in the contention of debtor as a matter of strategy, its contention ignores a fundamental concept underlying the Code and those minimum statutory requirements found in Section 1102. The creditors' committee is not merely a conduit through whom the debtor speaks to and negotiates with creditors generally. On the contrary, it is purposely intended to represent the necessarily different interests and concerns of the creditors it represents. It must necessarily be adversarial in a sense, though its relation with the debtor may be supportive and friendly. There is simply no other entity established by the Code to guard those interests. The committee as the sum of its members is not intended to be merely an arbiter but a partisan which will aid, assist, and monitor the debtor pursuant to its own self-interest.

■ The fact the debtor disputes INCO's claim is insufficient to warrant the Court's interference with the Trustee's choice which meets the statutory criteria. Here the dispute is stated only in general terms except as suggesting that such creditor may be separately classifiable in the context of a plan. In the early stages of this proceeding, it is clearly premature to assume a separate classification would be suitable or that it will in the end result. It is neither self-evident nor, as would be required, clearly demonstrated that INCO is other than a general unsecured creditor of the class of creditors to be represented by the established committee. So far as appears INCO is a claimant without security in a monetary amount approximately as indicated. It has not been shown to be a noncreditor, nor a creditor of a sufficiently unique nature that it should not be represented by the committee, nor to have any characteristics in conflict with its otherwise right to membership on the committee.

So far as appears the interest of INCO as a creditor is aligned with the interests of other general unsecured claimants. If it be later found otherwise, it can be expected that the other members of the creditors' committee will take appropriate action either directly or through their chosen counsel.

I conclude that the United States Trustee acted in accordance with the Code and that the committee as now constituted is proper and "representative" of the class of creditors intended to be represented.

ACCORDINGLY, IT IS ORDERED that the motion of Daig Corporation so far as it seeks to restore Lake Region Manufacturing Company to the committee, and to deprive INCO Electro Energy Corp. of membership therein should be and the same hereby is overruled and denied.