**In re Gary Logan BENNETT, SS # 525–01–4408, d/b/a Southwest Sales, a sole proprietorship, and Andrea Louise Bennett, SS # 526–60–0076, Debtors.**

**Bankruptcy No. 81–01039 M A.**

United States Bankruptcy Court, D. New Mexico.

Feb. 24, 1982.

Louis Puccini, Jr., Albuquerque, N.M., for debtors.

James S. Starzynski, Albuquerque, N.M., Evelyn H. Biery, LeLaurin & Adams, P. C., Stephen C. Parten, Law Offices of O'Neal, Munn, San Antonio, Tex., for creditor Wyatt.

MARK B. McFEELEY, Bankruptcy Judge.

### MEMORANDUM OPINION

This matter came on for hearing February 12, 1982, on the Motion for Appointment of Oscar S. Wyatt, Jr., to Creditors' Committee filed by Oscar S. Wyatt, Jr., the movant being present by and through his counsel, Evelyn H. Biery, James S. Starzynski, and Stephen Parten, and the debtor Gary Logan Bennett being present in person and through his counsel, Louis Puccini, Jr.

The debtor contests appointment of Oscar S. Wyatt, Jr., to the creditors' committee in the above cause on the ground that certain allegations of fraud have been leveled against Mr. Wyatt in litigation involving the debtor elsewhere, which color Mr. Wyatt's qualifications to serve on the creditors' committee.

The movant, on the other hand, argues that Mr. Wyatt is qualified to serve on the creditors' committee, citing 11 U.S.C. § 1102(b)(1), § 101(9)(A), and § 101(4) (1978), and *In re Grynberg*, 4 C.B.C.2d 585, 7 B.C.D. 537, 10 B.R. 256 (Bkrtcy.D.Colo. 1981).

Under 11 U.S.C. § 1102(a)(1), as soon as practicable after the order for relief under chapter 11, the court shall appoint a committee of creditors holding unsecured claims. The bankruptcy court has the power to alter membership of any committee upon request of a party in interest after notice and hearing. 11 U.S.C. § 1102(c) (1978); *In the Matter of Proof of the Pudding, Inc.,* and *In the Matter of Valenza,* 1 C.B.C.2d 1043, 6 B.C.D. 338, 3 B.R. 645 (Bkrtcy.S.D.N.Y.1980).

It appears that the only requirements for serving on the unsecured creditors' committee are that the elements of 11 U.S.C. § 1102(a)(1) be met. *In re Grynberg, supra.* Those elements are:

1) one must be a creditor;

2) one must hold a claim; and

3) the claim held must be unsecured. A "creditor" is an entity holding a claim against the debtor that arose at the time of or before the order for relief concerning the debtor was entered. 11 U.S.C. § 101(9)(A) (1978). A "claim" is a right to payment, whether or not such a right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured, or unsecured. 11 U.S.C. § 101(4)(A) (1978).

This Court fails to find any language in the statute or in any cases which limits service by a party meeting the above qualifications on an unsecured creditors' committee because of previous allegations of fraud made by the debtor against such proposed committee member. Therefore, this Court finds:

1) that Oscar S. Wyatt, Jr., an unsecured creditor of the debtor, meets all three of the above requirements for serving on the unsecured creditors' committee; and

2) that allegations of fraud which may have been made in regard to Mr. Wyatt's relationship to the debtors are irrelevant insofar as the issue of Mr. Wyatt's serving on the unsecured creditors' committee.

Therefore, this Court concludes that Oscar S. Wyatt, Jr., is qualified to serve and will be appointed to the unsecured credi-tors' committee in the above bankruptcy proceeding.

An appropriate order shall enter.