Leonard Goldstein, College Park, Md., for Glendale Associates.

### In re GLENDALE WOODS APART-MENTS, LTD., Debtor.

### Bankruptcy No. 82-1-0897.

United States Bankruptcy Court,
D. Maryland,
at Rockville.

Nov. 17, 1982.

## MEMORANDUM OF OPINION

PAUL MANNES, Bankruptcy Judge.

This matter was presented for hearing on the Motion to Change Membership of Creditors' Committee filed by Glendale Associates (Associates). Associates seeks to change the composition of the Creditors' Committee appointed in this Chapter 11 proceeding pursuant to 11 U.S.C. § 1102(c).[1]

On June 8, 1982, Glendale Woods Apartments, Ltd. (debtor) filed for relief under Chapter 11 of the Bankruptcy Code. Pursuant to § 1102(a)(1), this court appointed an unsecured Creditors' Committee. That committee consists of: Essex Financial Corporation, Washington Gas Company, Metro Waterproofing, Inc., A.P. Woodson Co., Har Pal Singh, and Washington Suburban Sanitary Commission. Associates seeks to re-

---

1. 11 U.S.C. § 1102(c) provides:

\* \* \* \* \* \*

(c) On request of a party in interest and after notice and a hearing, the court may change the membership or the size of a com-

mittee appointed under subsection (a) of this section if the membership of such committee is not representative of the different kinds of claims or interests to be represented.

move Essex Financial Corporation and Har Pal Singh from the committee because, Associates asserts, they are "insiders" pursuant to 11 U.S.C. § 101(25) and as such, present conflicts of interest. Moreover, Associates is pursuing a position on the committee.

In support of its motion to change the membership, Associates contends that the $501,162.57 unsecured claim scheduled for Essex Financial Corporation is not a genuine obligation. Associates asserts that it is part of an agreement negotiated by certain of the debtor's general and limited partners to obtain from Essex a guarantee of repayment of monies owed by debtor to its general and limited partners. Concomitantly, Associates states that the claim held by Essex is so intimately aligned with the partners' interests that Essex stands in the shoes of the partners and is accordingly an insider.

In addition, Associates represents that Har Pal Singh is scheduled as a creditor holding an unsecured claim in the amount of $20,000.00. Associates asserts that this debt is one personally owed by Balbir Kakar, debtor's managing general partner, to Mr. Singh. Associates further asserts that Singh's claim is one of the general partner's personally and which is also intimately aligned with the interests of Mr. Kakar, thereby characterizing Singh as an insider and as presenting a conflict of interest. Upon review of the file and testimony taken at the hearing, the court finds Har Pal Singh and Essex Financial Corporation to be insiders, presenting conflicts of interest and not representative of the different kinds of interests to be represented. Accordingly, both shall be removed from the unsecured Creditors' Committee pursuant to 11 U.S.C. § 1102(c). *See, In Re Daig Corp.,* 17 B.R. 41 (Bkrtcy.D.Minn.1981); *See, e.g., In Re Penn-Dixie Industries, Inc.,* 9 B.R. 941 (Bkrtcy.S.D.N.Y.1981) (Conflict of interest in an equity security holders committee). It is obvious that the presence of these creditors on the committee imperils the confidentiality of communications among its members.

Furthermore, Associates has petitioned this court to add it to the committee pursuant to § 1102(c). Associates is scheduled as a creditor holding a secured claim for $2,252,626.80 on debtor's promissory note which is secured by a second deed of trust on Glendale Woods Apartments located in Seabrook, Maryland. Associates contends that it is partially unsecured in the amount of $1,581,513.20. Accordingly, it would like to be added to the unsecured Creditors' Committee. At this time, however, it is not known whether Associates is a fully secured creditor and therefore not entitled to be on the unsecured Creditors' Committee. *See, In Re Bennett,* 17 B.R. 819, 20 (Bkrtcy.D.N.M.1982); *In Re Grynberg,* 10 B.R. 256, 4 C.B.C.2d 585, 7 B.C.D. 53 (Bkrtcy.D.Colo.1981). Moreover, even if Associates is not fully secured, its interests may be in conflict with other members of the Creditors' Committee.

For the foregoing reasons, Glendale Woods Associates' motion for addition to the Creditors' Committee will be denied. An order will be entered in accordance with this opinion.