**In re Hyman R. SWOLSKY, dba King Odd Lot, King Liquidators & Swolsky Enterprises, Debtor-in-Possession.**

**Bankruptcy No. 85–01138.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Nov. 7, 1985.

Thomas W. Heintschel, Toledo, Ohio, for Creditors Committee.

Thomas J. Schank, Toledo, Ohio, for Hugh Connally.

H. Buswell Roberts, Toledo, Ohio, for debtor.

### ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the motion of the attorney for the Committee of Unsecured Creditors for an order removing Hugh Connally as a member of the Committee of Unsecured Creditors and Mr. Connally's objection thereto. The Court having found that Mr. Connally is an "insider" it is the opinion of this Court that he should be removed from the Committee pursuant to 11 U.S.C. § 1102(c).

### FACTS

The Debtor, King Liquidators, is currently operating under Chapter 11 of the Bankruptcy Code. The office manager and bookkeeper for the Debtor is Wanda Connally, wife of Hugh Connally, the member sought to be removed from the Committee. Mrs. Connally also holds the title of Vice President.

(Bkrtcy.D.N.D.1984). *See also* cases cited at notes 6 and 8, *supra*.

**30.** *See Moulton v. Coburn, supra,* 131 F. at 204.

On August 30, 1985, Mrs. Connally appeared on behalf of the Debtor at the Section 341 meeting and testified extensively regarding financial matters of the Debtor.

On September 24, 1985, the Committee of Unsecured Creditors, through its attorney filed a motion to remove Hugh Connally because as the husband of the Debtor's vice president, bookkeeper and office manager the confidentiality of communications is imperiled.

## DISCUSSION

The Committee seeks to remove Hugh Connally pursuant to 11 U.S.C. § 1102(c) because with his presence they assert "such committee is not representative of the different kinds of claims or interests to be represented." The Committee's objection is based on the fact that Hugh Connally is the husband of the Debtor's office manager, bookkeeper and vice president. Without denying "insider" status Mr. Connally has suggested the substitution of his counsel in his place.

In support of his position Mr. Connally refers the Court to *In re Vermont Real Estate Investment Trust,* 20 B.R. 33 (Bankr.D.Vt.1982); *In re Bennett,* 17 B.R. 819 (Bankr.D.N.M.1982) and *In re Grynberg,* 10 B.R. 256 (Bankr.D.Colo.1981).

*Grynberg* merely held that "there is no statutory basis for the exclusion [from the Creditors Committee] of creditors holding disputed unsecured claims." *Grynberg,* supra at 257. *Bennett* did not concern an "insider" either. Bennett held that the mere allegations of fraud against a member of an Unsecured Creditors Committee were not enough to prevent his membership. The only case cited by Mr. Connally which considered the eligibility of an "insider" for appointment to the Creditors Committee was Vermont Real Estate Investment Trust (Vermont). The Court in *Vermont* based its decision on a selective reading of case law and § 1102 to find that once the basic qualifications are met a creditor must be allowed to serve on the Committee. According to that decision a mere showing that the creditor is one of the seven largest unsecured creditors means that creditor must be allowed to serve. *Vermont* considered the propriety of the wife of an officer of the Debtor being a member of the Committee. *Vermont* went so far as to find the following:

> However, even though Gentile is an insider she is not precluded from serving on the Committee of Unsecured Creditors. Section 1102(b)(1) specifically makes eligible for appointment a person willing to serve who holds one of the seven largest claims against the Debtor of the kinds represented on such committee. The statute declares no exceptions.

To reconcile allowing an "insider" membership on the Committee the Court accepted an oath from the "insider" that she would disqualify herself in any matter in which there was a conflict of interest. In addition the Court sent a copy of the Memorandum and Order to each Committee member so that they would be aware of the "insider" status of one of its members. Presumably this was to put them on their toes to prevent leaks to the insider. This places an additional and unacceptable burden on the non-insider members and most assuredly destroys the confidentiality of that body. This Court is not willing to change the duties of the other members and finds support for this position in the following cases.

The Committee refers the Court to *In re Daig Corp.,* 17 B.R. 41 (Bankr.D.Minn. 1981) as being on point with the issues in this case. In *Daig* it was discovered that one of the members of the Unsecured Creditors Committee was related to the principal operating officer of the Debtor corporation. In *Daig* as in this case the "insider" suggested the substitution of counsel as a solution to the problem. The Court in rejecting that proposal stated: "I conclude, however, that the presence of any of its representatives on the Board would be improper as imperiling the necessary confidentiality of communication and discussion among the proper members of the Committee." *Daig, supra* at p. 42. This Court finds the reasoning of *Daig* persuasive and is inclined to follow its holding. Also called

## 146

upon to consider the eligibility of an "insider" to the Unsecured Creditors Committee the Court in *In re Glendale Woods Apartments, Ltd.*, 25 B.R. 414 (Bankr.D.Ma. 1982) held that "insiders" present conflicts of interest and are not representative of the different kinds of interests to be represented and accordingly they should be removed from the Committee. *Id.* at 415. Another case which holds conflicts of interest on a committee are not to be tolerated is *In re Johns-Manville Corp.*, 26 B.R. 919, 925 (Bankr.S.D.N.Y.1983).

This Court finds the decisions in *Daig* and *Glendale Woods* to be persuasive and accordingly it finds Hugh Connally should be removed from the Creditors Committee. Mr. Connally's wife is an instrumental employee of the Debtor with 35 years of service to him. She continues to be employed by the Debtor. Mr. Connally presents a direct conduit to the Debtor of communications made by members of the Committee in confidence and as such he or his representative would have a chilling effect on the other members. Therefore, the Court finds Mr. Connally's membership on the Committee presents such a serious conflict of interest that his presence on the Committee results in a Committee which is not representative of the different kinds of claims or interests to be represented and pursuant to § 1102(c) he should be removed as a member.

In light of the foregoing, it is hereby

ORDERED that Hugh Connally be, and he hereby is, removed from the Committee of Unsecured Creditors.