**In re FIRST REPUBLICBANK CORPORATION, Debtor.**

No. 388–34546–SAF–11.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Dec. 9, 1988.

Hugh M. Ray, Andrews & Kurth, Dallas, Tex., for FRBC Senior Committee.

Henry Simon, Simon, Anisman, Doby, Wilson & Skillern, Fort Worth, Tex., for Dr. Gabriel Elias.

Robert Rosenberg, Latham & Watkins, New York City, for FRBC Junior Committee.

John R. Blinn, Leonard, Marsh, Hurt, Fort Worth, Tex., for FDIC.

George F. McElreath, Asst. U.S. Trustee, Dallas, Tex.

Ron Orr, Gibson, Dunn & Crutcher, Dallas, Tex., for debtors.

Martin Sosland, Weil, Gotshal & Mankes, Dallas, Tex., for IFRB Committee.

John G. Gellene, c/o Baker & Botts, Dallas, Tex., for NCNB Committee.

## MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

The Official Committee of Senior Unsecured Creditors (the "committee") moves the court for an order removing Dr. Gabriel Elias from the committee. Prior to filing the motion, the committee requested that the United States trustee remove Dr.

Elias. In a written response, the United States trustee declined to remove him. The court conducted an evidentiary hearing on the motion on December 6, 1988. The United States trustee and another member of the committee, Stan Phelps, contend that the motion should be denied. Although written in narrative form, this memorandum opinion contains the court's findings of fact and conclusions of law required by Bankruptcy Rules 7052 and 9014. The court has jurisdiction over this core matter. 28 U.S.C. § 157(b)(1), (b)(2)(A) and (0).

## I. *Facts*

On August 16, 1988, Assistant United States trustee George McElreath appointed the 11–member committee. In a second amended appointment the trustee on October 18, 1988, added "Dr. Gabriel Elias[,] Wholesale Realtors Supply." The trustee determined that Dr. Elias or his company Wholesale Realtors Supply held substantial pre-petition claims against First Republic-Bank Corporation. The trustee appointed Dr. Elias to represent non-institution creditors on the committee. As one committee member had resigned, committee membership continued at 11.

Dr. Elias or his corporation or his spouse also hold claims against First Republic-Bank Corporation's subsidiary IFRB Corporation in its bankruptcy case. The First RepublicBank Corporation and IFRB Corporation cases have not been substantively consolidated. Ultimately, assets accumulated by both estates must be allocated for distribution to their respective creditors. Like Dr. Elias, committee member American General Corporation holds claims against both estates. American General resigned from the committee. The United States trustee has not replaced American General so the committee currently has 10 members.

Because Dr. Elias has claims against both estates, the committee requested that he, like American General, resign. Although initially indicating a willingness to do so, Dr. Elias ultimately refused to resign. The committee asked the United States trustee to remove Dr. Elias. The trustee concluded that Dr. Elias held a pre-petition claim either personally or "in some corporate capacity," that he was eligible to sit on the committee, that the committee produced no evidence indicating a breach of or inability to perform his fiduciary duty to the creditors represented by the committee, and that in these cases other committee members had more than one claim against the debtors. For these reasons the United States trustee refused to remove Dr. Elias.

The committee contends, however, that Dr. Elias holds no senior debt against First RepublicBank Corporation and therefore is not eligible to serve as a committee member. Even if eligible, the committee argues that claims held against both debtors create a conflict of interest requiring removal.

## II. *Discussion*

Under 11 U.S.C. § 1102(a)(1) the United States trustee appoints the unsecured creditors committee or committees as he deems appropriate. On request of a party in interest the court may order the United States trustee to appoint additional committees "if necessary to assure adequate representation of creditors." 11 U.S.C. § 1102(a)(2). Thus, while the United States trustee appoints committee members, the court determines the adequacy of creditor representation, if raised by a party in interest. *See, In re Texaco,* 79 B.R. 560, 565–66 (Bankr.S.D.N.Y.1987). If raised, the issue of adequate representation must be determined by the court de novo after the United States trustee performs his administrative task of appointing the committee members. *Texaco,* 79 B.R. at 565–66. If the court determines that additional committees must be appointed to assure adequate creditor representation, the United States trustee actually appoints the additional committees. *Id.* Presumably, the court might determine that adequate representation can be obtained by the United States trustee expanding a committee's membership.

The committee does not allege that First RepublicBank Corporation's unsecured creditors are not adequately represented. The United States trustee has appointed two committees of First Republic unse-

cured creditors and has included non-institutional claimants such as Dr. Elias to assure adequate representation.

The committee alleges instead that Dr. Elias lacks eligibility to serve or, alternatively, holds a conflict barring committee service. Prior to the transfer of the authority to appoint committees from the court to the United States trustee, the court had statutory authority to remove committee members. *See*, Norton Bankr. Code Pamphlet 1987–88 Ed., p. 689 *citing* prior 11 U.S.C. § 1102(c). But consistent with the transfer of administrative functions to the United States trustee, Congress repealed former § 1102(c).

■ The court may, however, take any action and issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a). The court may not invoke § 105(a) to create substantive rights that are not provided by the Code or to constitute a roving commission to do equity. *See, United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir.1986). But § 105(a) may be invoked to assure that the United States trustee does not act arbitrarily and capriciously in performing his administrative tasks mandated by the Code.

■ The United States trustee has administrative authority over committee membership. H.R.Rep. No. 99–764, 99th Cong.2d Sess. 28 (1986), U.S.Code Cong. & Admin.News 1986, pp. 5227, 5241; *see also, In re McLean Industries, Inc.*, 70 B.R. 852, 856–67 (Bankr.S.D.N.Y.1987). Unless raising an issue of adequacy of representation, questions concerning committee membership must, in the first instance, be directed to the United States trustee. *Texaco*, 79 B.R. at 565. The United States trustee has not provided for administrative review of its committee membership decisions. Administrative review would be cumbersome, burdensome, wasteful and unnecessary given the court's authority under § 105(a). *See, McLean Industries*, 70 B.R. at 856–58 (holding that exhaustion of administrative remedies not required). Un-

der § 105(a) this court may on motion of a party in interest or on its own motion review the United States trustee's decision on the question of committee membership to determine if the trustee acted arbitrarily and capriciously. Because the court reads § 105(a) to authorize review of the United States trustee's administrative task, the court should use the arbitrary and capricious standard applicable for administrative review. *See, Campos–Guardado v. I.N.S.*, 809 F.2d 285, 289 (5th Cir.1987) (holding that a statute granting the Attorney General discretion is subject to the arbitrary and capricious standard of review by the court).[1] To prevail then, the committee must establish that the United States trustee acted arbitrarily and capriciously in appointing Dr. Elias or in refusing to remove him. *Compare, McLean Industries*, 70 B.R. at 858–61 (requiring de novo review of adequate representation issues and not addressing the removal or non-removal of committee members).

■ To be eligible for committee membership, the creditor must hold an unsecured pre-petition claim. The committee can include the individual creditor or its representative. *See, e.g., In re M.H. Corporation*, 30 B.R. 266, 267 (Bankr.S.D.Ohio W.D.1983). The United States trustee determined that Dr. Elias represents substantial pre-petition unsecured claims either personally or in a corporate capacity. Dr. Elias may be included on the committee as a representative of claim holders. He may represent himself or claims held by his corporation or by his spouse. The United States trustee conceded that he did not obtain confirmation of Dr. Elias' claims, but, then again, he did not receive confirmation of any of the creditor's claims. The committee produced insufficient evidence that Dr. Elias does not represent a pre-petition unsecured claim at least on behalf of his corporation. *See, Watkins Motor Lines, Inc. v. I.C.C.*, 641 F.2d 1183, 1188 (5th Cir.1981) (requiring "substantial evidence" before setting aside an administrative ruling under the arbitrary and capri-

---

1. Because the United States trustee is an official under the supervision of the Attorney General, the court finds the *Campos–Guardado* case authoritative. *See*, 28 U.S.C. § 581(a)–(c).

cious standard). On this record the United States trustee did not act arbitrarily and capriciously in appointing Dr. Elias.

In several cases courts have removed creditors from statutory committees. *See, e.g., In re Swolsky,* 55 B.R. 144 (Bankr.N.D.Oh., W.D.1985); *In re Johns–Manville Corporation,* 26 B.R. 919 (Bankr.S.D.N.Y. 1983); *In re Glendale Woods Apartments, Ltd.,* 25 B.R. 414 (Bankr.D.Md.1982); *In re Daig Corporation,* 17 B.R. 41 (Bankr.D. Minn.1981). Most of these cases predate the repeal of § 1102(c). Nevertheless the cases establish a tenet that survives the repeal of § 1102(c). A committee member holding a conflict of interest cannot continue to serve. *See, e.g., Johns–Manville, supra.* But the notion of a conflict of interest takes on a particular meaning in the context of removing committee members. Not all conflicts mandate removal. The Bankruptcy Code does not expressly prohibit a person from serving on a committee because of a lack of disinterestedness or even insider status. *See,* 11 U.S.C. § 1102(a); *compare,* 11 U.S.C. § 327(a). Furthermore, a creditor disagreement over strategy or objectives on a committee does not amount to the type of conflict mandating removal. *See, e.g., In re Altair,* 727 F.2d 88, 90 (3rd Cir.1984) (holding that "[s]uch conflicts are not unusual in reorganization"). The Code-required adequate representation implicitly recognizes that creditors will disagree on strategy and objectives. Those conflicts must be resolved through the committee's decision-making process.

■ A member of a creditors' committee owes a fiduciary duty to all creditors represented by the committee. *See, In re Grant Broadcasting of Philadelphia, Inc.,* 71 B.R. 655, 664 (Bankr.E.D.Pa.1987), *citing, Woods v. City National Bank & Trust Co.,* 312 U.S. 262, 268–69, 61 S.Ct. 493, 497, 85 L.Ed. 820 (1941). A conflict of interest that amounts to a breach of that fiduciary duty constitutes the type of conflict that would mandate removal of the creditor from the committee. Accordingly, the United States trustee would act arbitrarily and capriciously if he refused to remove a committee member who held a conflict of interest that amounted to a breach of the fiduciary duty that the creditor owed to the creditors represented by the committee.

■ Either personally, for his wife, or through his corporation, Dr. Elias holds claims against both First RepublicBank and IFRB. In these cases, that may not be an anomaly. Conceivably, a number of persons or entities may hold debt or claims against both estates. Entities may hold both senior and junior debt of First RepublicBank Corporation. The United States trustee recognized this situation. At a previous hearing, counsel for the committee stated that First RepublicBank Corporation itself constituted a major creditor of IFRB Corporation. In the web of claims in these cases, entities may be creditors of both debtors. Because of this the United States trustee even suggested to the committee that Dr. Elias' participation may bring a "salutary perspective" to the committee. Accordingly, the mere holding of claims against the two estates does not amount to a conflict breaching Dr. Elias' fiduciary duty. If Dr. Elias acts consistent with his fiduciary duty, his diverse holdings do not mandate his removal from the committee. The committee has produced insufficient evidence to suggest that Dr. Elias has, will or is about to act in a manner inconsistent with his fiduciary duty. Accordingly, the United States trustee has not acted arbitrarily and capriciously in refusing to remove Dr. Elias from the committee.

For the foregoing reasons,

IT IS ORDERED that the committee's motion to remove Dr. Elias is DENIED without prejudice to refiling if circumstances warrant.