## In re DOW CORNING CORPORATION, Debtor.

### Nos. 96–CV–71456–DT, 96–CV–71481–DT, 96–CV–71500–DT.

United States District Court,
E.D. Michigan,
Southern Division.

June 25, 1997.

Charles H. Walker, Bricker & Eckler, Columbus, OH, Patrick L. Hughes, Anne M. Ferazzi, Verner, Liipfert, Bernhard, McPherson & Hand, Houston, TX, Thomas D. Lambros, Bricker & Eckler, Cleveland, OH, for Official Committee of Tort Claimants, in No. 96–CV–71456.

Leslie K. Berg, U.S. Dept. of Justice, Office of U.S. Trustee, Detroit, MI, for Donald M. Robiner in No. 96–CV–71481.

Anthony Stefanon, Stefanon & Glace, Harrisburg, PA, Gerald J. Williams, Williams & Cuker, Phildelphia, PA, for Robert L. Herman in No. 96–CV–71500.

### MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

### I. INTRODUCTION.

This matter is before the Court on the above-captioned appeals from the Bankruptcy Court's order dated March 21, 1996 directing the United States Trustee to appoint a new Tort Claimants' Committee. The Official Committee of Tort Claimants, the United States Trustee, and Robert L. Herman appealed the Bankruptcy Court's order. The above-captioned appeals relate to the same issues.

## II. *APPEALABLE ORDER.*

■■■ Pursuant to 28 U.S.C. § 158(a), final orders of the bankruptcy court are subject to mandatory review. Review of interlocutory orders is left to the federal district court's discretion. *In re American Freight System, Inc.,* 153 B.R. 316 (D.Kan.1993). In bankruptcy cases, the finality requirement is considered "in a more pragmatic and less technical way than in other situations." *In re Cottrell,* 876 F.2d 540, 541–42 (6th Cir. 1989); *In re Dow Corning,* 86 F.3d 482 (6th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 718, 136 L.Ed.2d 636 (1997). Where an order in a bankruptcy case finally disposes of discrete disputes within the larger case, it may be appealed immediately. *In re Dow Corning, supra* at 488.

■■■ Under the collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), it is not always necessary that a judgment terminate an action before an appeal may be brought. The collateral order doctrine permits appellate review of decisions which "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546, 69 S.Ct. at 1225–26; *In re Dow Corning,* 86 F.3d at 488. A collateral order may be reviewed when it: 1) conclusively determines the disputed question; 2) resolves an important question completely separate from the merits of the action; and 3) is effectively unreviewable on appeal from final judgment. *In re Dow Corning,* 86 F.3d at 488; *Pacor, Inc. v. Higgins,* 743 F.2d 984, 988 (3d Cir.1984).

■■■ Accordingly, under 28 U.S.C. § 158(a) and the collateral order doctrine, the instant appeals are reviewable by the district court. The Bankruptcy Court's March 21, 1996 order conclusively determined the disputed questions regarding committee compositions; resolved an important question separate from the merits; and cannot be reviewed on appeal after final judgment.

## III. *COMPOSITION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS.*

The following appeals essentially address the same issue regarding the composition of the Official Committee of Tort Claimants: 1) 96–71456, Appellant, Official Committee of Tort Claimants ("TCC"); 2) 96–71481, Appellant, Donald Robiner, U.S. Trustee (the "Trustee"); and 3) 96–71500, Appellant, Robert L. Herman.

### A. *Whether the Bankruptcy Court has the Authority to Modify the Bankruptcy Committees.*

#### 1. *Official Committee of Tort Claimants' Arguments.*

The present version of 11 U.S.C. § 1102(a)(1) states as follows:

> ... as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee *shall* appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States trustee deems appropriate. (emphasis added)

Appellant TCC asserts that the Bankruptcy Court's analysis is flawed because it assumed that the words "committee of creditors" means a "committee consisting of creditors." Appellant TCC argues that the broad term "committee of creditors" should apply to a committee that represents creditors, or, comprised of creditor representatives as well as actual creditors. Appellant TCC further argues that under subsection 1102(b)(1), the qualifications of committee members are discussed and the words "consist[ing] of" are used. Subsection 1102(b)(1) states as follows:

> A committee of creditors appointed under subsection (a) of this section shall ordinarily consist of the persons, willing to serve, that hold the seven largest claims against the debtor of the kinds represented on such committee, or of the members of a committee organized by creditors before the commencement of the case under this chapter, if such committee was fairly chosen and is representative of the different kinds of claims to be represented.

Appellants TCC asserts that the implication of this section is that a mass tort case is not an "ordinary" case and that the U.S. Trustee may appoint committee members who are *not* among the estate's largest creditors and members who are not themselves creditors. The legislative history of the Code states that the relevant language under subsection 1102(b)(1) is precatory rather than mandatory. *See* H.R.Rep. No. 595, 95th Cong., 2d Sess. 401 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Appellant TCC argues at the very least that the statute is ambiguous on this issue and should be given a broad interpretation, not a narrow and strict interpretation given by the Bankruptcy Court. The Appellant TCC also asserts that the practice in mass tort bankruptcy cases allows the committees to be made up of attorneys.

The TCC further argues that no one requested or moved to have any of its members removed from the TCC. The Bankruptcy Court's *sua sponte* removal of the eight attorneys serving on the Committee was in error. The TCC argues that a request must first be made before a committee is changed and that the Bankruptcy Court cannot *sua sponte* remove committee members.

As to the contention that attorney members of a creditors' committee face inherent conflicts, the TCC argues that this logic is flawed because such an argument would also apply to an individual tort claimant. Whether a committee member is a corporate designee, a union representative or an indenture trustee who serves in a representative capacity, any committee member would owe fiduciary duties to those he or she represented as well as to the entire class of creditors represented by the committee. Every committee member—whether an attorney representative or an actual tort claimant—has a self-interest in maximizing his or her personal claim. The law, however, requires that a committee member place the collective interest of the class above its personal stake in the bankruptcy case. *In re Johns–Manville Corp.*, 26 B.R. 919, 924 (Bankr.S.D.N.Y. 1983); *In re Bohack Corp.*, 607 F.2d 258, 262 note 4 (2d Cir.1979).

The TCC also argues that the Bankruptcy Court's March 21, 1996 order is untimely, given that more than 10 months have passed since the attorney committee members were appointed to the TCC. The TCC argues that the claimants would now be prejudiced if the TCC is reconstituted.

### 2. *U.S. Trustee's Arguments.*

The Appellant Trustee argues that the United States Trustee Program is a component of the Department of Justice that supervises the administration of bankruptcy cases. 28 U.S.C. § 586. The Trustee is appointed by and serves at the pleasure of the Attorney General. 28 U.S.C. § 581(a) and (c). The Appellant Trustee argues that the authority to appoint committee members is vested in the United States Trustee. 11 U.S.C. § 1102(a). The Appellant Trustee argues that the statute makes it abundantly clear that the Trustee selects committee members.

The Appellant Trustee asserts that the Bankruptcy Court erred in overruling the Trustee's decision as to who sits on committees. Section 1102(a) expressly commits appointments to the United States Trustee's discretion, noting that appointments shall be as "the United States Trustee deems appropriate." *See also* 28 U.S.C. § 586(a)(3)(E) (The U.S. Trustee monitors the committees of creditors). The Bankruptcy Court's holding that the word "appoint" in section 1102(a)(1) does *not* allow the Trustee to replace committee members conflicts with the Supreme Court's rules of statute construction. The Trustee states the Supreme Court has held that as a matter of statutory interpretation absent a "specific provision to the contrary, the power of removal from office is incident to the power of appointment." *Carlucci v. Doe*, 488 U.S. 93, 99, 109 S.Ct. 407, 411, 102 L.Ed.2d 395 (1988). The Trustee argues that an "appointment" encompasses subsequent selections, which necessarily may require removals as well. The Trustee, *not* the Bankruptcy Court, has the power to remove any member of the committee as well as appointing members under section 1102(a)(1).

Most courts have held that the United States Trustee, not the bankruptcy court, may alter the composition of a creditor com-

mittee. In *Smith v. Wheeler Technology, Inc.*, 139 B.R. 235, 239 (9th Cir. BAP 1992), the Ninth Circuit Bankruptcy Appellate Panel held that "[t]he power to appoint and delete members of the Creditors' Committee now resides exclusively with the U.S. Trustee." *Smith* also held that section 105(a), which gives bankruptcy courts certain equitable powers, could not be used to modify the membership of a committee because such action would be contrary to the legislative history and Congressional intent of Section 1102. *Smith*, 139 B.R. at 238–39.

Other courts have also held that bankruptcy courts have no authority to change the membership of creditor committees. *In re Drexel Burnham Lambert Group, Inc.*, 118 B.R. 209, 211 (Bankr.S.D.N.Y.1990); *In re Hills Stores Co.*, 137 B.R. 4, 8 (Bankr. S.D.N.Y.1992); *In re Texaco*, 79 B.R. 560, 565–66 (Bankr.S.D.N.Y.1987). The Appellant Trustee argues that these decisions rely on the express language of section 1102(a)(1) which states that the U.S. Trustee has the authority to select committee members. The Appellant Trustee noted that the pre–1986 version of section 1102(a) provided that the bankruptcy courts had the sole authority to appoint a committee. 11 U.S.C. § 1102(a)(1) (1978) (amended 1986). Section 1102(c) of the pre–1986 amendments, provided that the bankruptcy court could change the membership or the size of a committee appointed under subsection (a). This section was repealed in 1986. Therefore, the Appellant Trustee asserts that it was Congress' intent to take the committee appointment and modification powers away from the bankruptcy courts and to entrust those powers to the United States Trustee. *In re Drexel Burnham Lambert*, 118 B.R. at 210; *In re Hills Stores Co.*, 137 B.R. at 8; *In re McLean Indus. Inc.*, 70 B.R. 852, 856 note 2 (Bankr. S.D.N.Y.1987).

The Bankruptcy Court's primary reliance on *Matter of Celotex*, 123 B.R. 917 (Bankr. M.D.Fla.1991) for support is misplaced, according to the Appellant Trustee. In *Celotex*, the Appellant Trustee argued that even though in *dicta* it stated that it could direct changes in the committee membership, relying on a pre–1986 case, *In re Daig*, 17 B.R. 41 (Bankr.D.Minn.1981), the *Celotex* bankruptcy court did not alter the membership of a tort committee.

The U.S. Trustee agrees with the Bankruptcy Court in that it is empowered to *add* creditor committees upon finding that there is no adequate representation of creditors by the committees already in existence under section 1102(a)(2) which provides:

On request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders. The United States trustee *shall* appoint any such committee. (emphasis added).

The U.S. Trustee notes, however, that upon the bankruptcy court finding that additional committees are needed, section 1102(a)(2) still reserves the power to appoint committee members to the U.S. Trustee. Section 1102(a)(2), therefore, enables the bankruptcy courts to remedy instances where inadequate representation exists but it does not allow the bankruptcy court to dictate the composition of such committees. *In re Drexel Burnham Lambert*, 118 B.R. at 211.

The U.S. Trustee further argues that in this instance, it determined the job of representing the tort claimants could best be performed by the nine people it appointed to the committee. The TCC is currently made up of one claimant and eight attorneys representing thousands of not only breast implant claimants but other silicone injured claimants. The eight attorneys appointed by the Trustee are familiar with the facts of many of the claims. Attorney representatives are able to aggregate the experiences of claimants from across the nation, enhancing the Tort Committee's contribution to the bankruptcy case.

### 3. *Robert Herman's Arguments.*

The Appellant Robert Herman expressly adopted the arguments set forth by the TCC and the U.S. Trustee.

### 4. *The Debtor DCC and the Unsecured Committee's Responses.*

The Debtor and the Unsecured Committee assert that Section 1 102(a)(1) must be con-

strued to mean that a committee of "creditors" must strictly mean "an entity that has a claim against the debtor" under 11 U.S.C. § 101(10). *In re Altair Airlines, Inc.,* 727 F.2d 88, 89–90 (3d Cir.1984) states that a person must have a "claim" against the estate in order to serve on an official creditors' committee. The Debtor claims that courts have disapproved the appointment of creditors' attorneys to serve on committees unless such counsel also hold a claim against the estate. *In re Celotex Corp.,* 123 B.R. 917, 922–23 (Bankr.M.D.Fla.1991); *In re American Fed'n of Television & Radio Artists,* 30 B.R. 772, 775 (Bankr.S.D.N.Y.1983).

The Debtor and the Unsecured Committee further assert that committee members must be disinterested pursuant to 11 U.S.C. § 327(a). They argue that courts cannot use equitable principles or practical considerations to ignore unambiguous statutory language. *In re Federated Dept. Stores, Inc.,* 44 F.3d 1310, 1313 (6th Cir.1995); *In re Eagle–Picher Indus., Inc.,* 999 F.2d 969, 970–72 (6th Cir.1993); *In re Middleton Arms, L.P.,* 934 F.2d 723, 726 (6th Cir.1991). In each of these cases, the Debtor and Unsecured Committee assert that the Sixth Circuit sustained the U.S. Trustee's position that professional persons who are not "disinterested" cannot be employed under 11 U.S.C. § 327(a), regardless of whether there are practical reasons that warrant a departure from the clear statutory language.

The Debtor and the Unsecured Committee further argue that attorneys are disqualified from serving as members of the official committees because of their inherently conflicting fiduciary duties. An attorney appointed to the TCC would have at least two competing fiduciary duties—one to his own clients and the second to the constituency represented by the TCC as a whole. *See Johns–Manville,* 26 B.R. at 926; *In re M.H. Corp.,* 30 B.R. 266, 267 (Bankr.S.D.Ohio 1983).

The Debtor and the Unsecured Committee also assert courts have concluded that after the 1986 amendments, bankruptcy courts may still order the U.S. Trustee to alter committee membership if the court finds that the U.S. Trustee's initial appointment was arbitrary or capricious or an abuse of discretion. *In re Columbia Gas System, Inc.,* 133 B.R. 174, 175–76 (Bankr.D.Del.1991); *In re First RepublicBank Corp.,* 95 B.R. 58, 60 (Bankr.N.D.Tex.1988). They also argue that the Bankruptcy Court, on its own motion, could review the Trustee's appointments of committee members. *In re Busy Beaver Bldg. Centers, Inc.,* 19 F.3d 833, 834 (3d Cir.1994).

The Debtor and the Unsecured Committee argue that the Bankruptcy Court's March 21, 1996 order was not untimely because the present attorney members of the committee would presumably continue to assist the TCC in the reconstituted committee.

### 5. *Replies by TCC and Trustee.*

The TCC and Trustee assert that even outside of the mass tort context, most of the courts addressing this issue have held that attorneys or other creditor representatives may properly sit on creditors' committees. The Unsecured Creditors' Committee acknowledges that courts have permitted non-creditor membership by numerous types of representatives, including attorneys, indenture trustees and unions representing their employees. (UCC Brief at 14, note 8). The Bankruptcy Court itself acknowledged this point. March 21 Opinion at 21. The cases cited by the Debtor are in no way to the contrary. In *In re Altair Airlines, supra,* the Third Circuit held that a union was entitled to serve on the creditors' committee because it was an actual creditor. The court did not choose to address the union's alternative argument that, if it were not a creditor, it would be entitled to serve as a representative of employee claimants. 727 F.2d at 91. *In re American Fed'n, supra,* is inapposite. The court held that a law firm whose client already served on the creditors' committee was not entitled to serve as an additional member. 33 B.R. at 774–75. In *In re Bennett,* 17 B.R. 819 (Bankr.D.N.M.1982), the court merely upheld a creditor's service on a committee, without any discussion of whether creditor representatives also could serve. 17 B.R. at 820. The lone case which might support the appellees' position, *In re Celotex Corp., supra,* was a highly fact-specific decision driven by what the bankruptcy court viewed as severe conflicts of interest on the

part of committee members and their counsel.

As to the issue of whether the Bankruptcy Court may *sua sponte* disband or reconstitute a committee, the TCC argues that the statement from *In re First RepublicBank, supra,* is mere dictum, unrelated to the facts of that case and unsupported by any discussion. The two other cases cited by DCC involved different circumstances—a bankruptcy court's dismissal or conversion of an improperly filed Chapter 11 case. *Sua sponte* actions were appropriate in those two cases. Not one party has requested the removal of any attorney member of the committee in this case.

### B. *Analysis.*

The language of section 1102(a)(1), unlike its predecessor, does not give the bankruptcy courts a role in the appointment or modification of creditor committees. Section 1102(a)(1) mandates the United States Trustee appoint a committee of creditors and gives the Trustee discretion to appoint additional committees as the Trustee deems appropriate. A party in interest under section 1102(a)(2) may request the bankruptcy court to appoint additional committees if necessary to assure adequate representation. This section, however, does not empower the bankruptcy court to appoint or remove the members of the committee. If the bankruptcy court finds that additional committees are needed in order to assure adequate representation of creditors, then the United States Trustee is mandated to appoint the committee, not the bankruptcy court.

Section 1102(b)(1) appears to give the United States Trustee a "guide" to the type of persons the Trustee may appoint on the committees. Section 1102(b)(1) provides that "ordinarily" the membership of a committee should consist of the seven largest creditors of the creditor class. It could be interpreted that in a matter that is *not* an "ordinary" case, such as a mass tort case, the United States Trustee may appoint members who are not the largest creditors. Section 1102(b)(2) does *not* provide a definition of "persons" to be appointed, other than a person who is "willing to serve." Nowhere in

Section 1102 does it indicate that a person must be an actual creditor to be appointed by the United States Trustee to a committee of creditors.

The appellants argue that none of the parties in interest, including the Debtor, prior to the bankruptcy court's opinion, requested that specific members or any member of the committees be removed. The appellants further argue that the bankruptcy court's *sua sponte* removal of certain members of the Tort Claimants' Committee was in error. Section 1102(a)(2) clearly states that "[o]n request of a party in interest," the court may order the appointment of "additional committees of creditors."

A review of the briefs and cases filed on this issue, it appears that the TCC and the U.S. Trustee prevail on this issue. Based on the 1986 amendments to the Bankruptcy Code and the repealed amendments, the Trustee has been given sole authority to appoint members of the various committees. The cases cited by the Trustee and TCC appear to be on point on the issue. In any event, given that no one has moved or requested that the TCC attorney representatives be dismissed from the committee, the Bankruptcy Court's *sua sponte* removal of the attorneys is outside its authority. The conflict of interest arguments favor the TCC and the Trustee. Even if a committee member is an actual tort claimant as opposed to an attorney representing various claimants, he or she would have a self-interest in the outcome of the bankruptcy.

### IV. *CONCLUSION.*

Based on the above, the Court finds that the Bankruptcy Court erred in directing the United States Trustee to appoint new members to the Tort Claimants' Committee.

Accordingly,

IT IS ORDERED that the Bankruptcy Court's March 21, 1996 Order on the Tort Claimants' Committee reconstitution issue is REVERSED and the appeals (95–CV–71456–DT, 96–CV–71481–DT and 96–CV–71500–DT) are GRANTED.