**In the Matter of Wendell Wallace WHITMAN, Debtor.**

**Bankruptcy No. 87–11444.**

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

May 22, 1989.

---

Mark A. Warsco, Fort Wayne, Ind., for debtor.

Grant F. Shipley, Fort Wayne, Ind., for Doerflein.

## DECISION AND ORDER

ROBERT E. GRANT, Bankruptcy Judge.

This matter is before the court on a motion which asks the court to rescind its prior order authorizing the law firm of Miller, Carson, and Boxberger to serve as counsel for the unsecured creditors committee. This firm, through Mr. Grant Shipley, represents Walter A. Doerflein Insurance Service and, as such, is a member of the unsecured creditors committee. The motion is filed not only on behalf of the debtor but also a creditor, Wallace W. Whitman, debtor's father.

Doerflein Insurance Service holds both an unsecured claim against the estate and a secured claim. The precise amounts of these respective claims have not yet been determined. It sits on the committee by virtue of its status as one of the largest unsecured creditors, since it does not appear that the collateral securing payment of the amounts due will be sufficient to fully satisfy the total claim.

The instant motion is founded upon the proposition that Mr. Shipley's representation of both the committee and Doerflein Insurance Service constitutes a prohibited conflict of interest.

Section 1103 of the Bankruptcy Code authorizes a creditors committee to retain counsel of its choice in order to represent the committee before the bankruptcy court. The committee does not, however, have unbridled discretion in retaining any attorney it may choose.

As originally enacted § 1103(b) specifically prohibited counsel for the committee from "represent[ing] any other entity in connection with the case." Consequently, to accept an invitation to represent the creditors committee required counsel to cease all representation of his original creditor/client.

Experience subsequently taught that the actual operation of this section was unduly restrictive. Rather than achieving the laudable goal of preventing actual or potential conflicts of interest, the law served to frustrate its original intent of obtaining

competent representation for committees. Bankruptcy counsel and their clients often had an understandable reluctance to terminate their relationship so that counsel could represent the committee. Consequently, many able and experienced practitioners were often precluded from accepting an invitation to represent the committee, which was then forced to look elsewhere in an effort to obtain counsel. Even where the committee was able to successfully obtain different counsel, experience demonstrated that the result often unnecessarily increased the expenses of administration.

Because of these problems, Congress amended § 1103(b) to liberalize the restrictions on employment of counsel for the committee. As currently enacted § 1103(b) states:

> An attorney ... employed to represent a committee appointed under section 1102 of this title may not, while employed by such a committee, represent any other entity having an adverse interest in connection with the case. Representation of one or more creditors *of the same class represented by the committee* shall not per se constitute the representation of an adverse interest. 11 U.S.C. § 1103(b). (emphasis supplied).

The result of this amendment was to give the committee greater latitude in the selection of counsel of its choice, by permitting counsel to continue to represent his original creditor/client so long as there was not an actual conflict of interest between the committee represented and the creditor involved.

It should be observed that amended § 1103(b) is not a wholesale elimination of the Code's original restrictions on employment.

> [W]eakened as it was the Amendment did not alter the prohibition of dual representation of an individual creditor and the Creditors' Committee if the individual creditor in fact did hire such counsel to litigate issues potentially adverse to other Committee members. *In re Grant Broadcasting of Philadelphia, Inc.,* 71 B.R. 655, 662 (Bankr.E.D.Pa.1987).

The rule has been relaxed only to the extent that dual representation of a creditor of the same class and the committee is not automatically prohibited.

In this instance, although Doerflein Insurance Service may sit upon the committee, by virtue of its potentially substantial unsecured claim, its interests are not co-extensive with those of the committee. Doerflein Insurance Service occupies a dual status as both a secured and unsecured creditor. Consequently, it, together with its principals, has an interest in maximizing its recovery from this proceeding on account of both claims. To effectively pursue its ultimate interests will require counsel to take a position which will be adverse to the interests of the creditors committee and the unsecured creditors generally.

The interests of the committee lie in maximizing the return to unsecured creditors of the bankruptcy estate.

> [A] committee's only duty is to pursue the interests of its members ... "The creditors' committee is not merely a conduit through whom the debtor speaks to and negotiates with creditors generally. On the contrary, it is purposely intended to represent the necessarily different interests and concerns of the creditors its represents. It must necessarily be adversarial in a sense, though its relationship with the debtor may be supportive and friendly. There is simply no other entity established by the Code to guard those interests. *The committee* as the sum of its members *is not intended to be merely an arbiter but a partisan* which will aid, assist, and monitor the debtor pursuant to its own self interest." *In re Johns–Manville Corp.,* 60 B.R. 842, 854 n. 23 (D.S.D.N.Y.1986) (citing *In re Daig Corp.,* 17 B.R. 41, 43 (D.Minn. 1981)) (emphasis supplied), *rev'd on other grounds, In re Johns–Manville Corp.,* 801 F.2d 60 (2nd Cir.1986).

The interests of Doerflein Insurance Service and its principals, as secured creditors, are dramatically different from the interests of the other unsecured creditors. While their interests as unsecured creditors may be co-extensive, this mutuality does

not eliminate the reality that an actual and irreconcilable conflict exists between them. To maximize its recovery as a secured creditor will jeopardize the interests of the unsecured creditor body. The insurance service and its principals have a direct and immediate interest in maximizing the amount of the allowed secured claim, as defined by § 506(b). To the extent that this secured claim may not be fully satisfied upon confirmation of a plan, the interest of the secured creditor lies in maximizing the present value of the payments which will be made on account of it. Every dollar by which the amount of the secured claim is increased and every dollar which must be paid on account of that secured claim, either upon confirmation or over time, will of necessity diminish the assets available for distribution on account of unsecured claims.

By representing both the Insurance Service and the creditors committee, counsel must irretrievably be drawn into this conflict. It is not a situation in which potentially conflicting loyalties to different masters can be avoided. To urge a position on behalf of one will automatically result in some abdication of the interests of the other. This is not a conflict which can be eliminated. Further, it is not a conflict which the committee, the general creditor body, or the court can waive.

This court therefore holds that the simultaneous representation of a creditor holding a secured claim and the unsecured creditors committee is, as a matter of law, a conflict of interest prohibited by § 1103(b). To this extent the motion is well-taken. This does not mean, however, that the order approving counsel's employment must be vacated. Since it is the simultaneous representation which is condemned, the situation can be resolved in one of two ways. Counsel can either cease representing his creditor/client or cease representing the committee. This is the way in which the same dilemma was resolved prior to the amendment of § 1103(b). Counsel, the creditor, and the committee should be given their choice as to which path will be taken.

IT IS THEREFORE ORDERED that, within eleven (11) days of this date, Grant F. Shipley and the firm of Miller, Carson, and Boxberger shall withdraw the appearance previously filed in this matter on behalf of Walter A. Doerflein Insurance Service or seek to withdraw as counsel for the unsecured creditors committee. Should counsel fail to do so, the court's order of March 27, 1989 approving counsel's employment will be vacated and set aside without further notice or hearing.