### In re ELECTRICAL MATERIALS COMPANY, Debtor.

**Bankruptcy No. 91–41980–1.**

United States Bankruptcy Court,
W.D. Missouri.

Nov. 16, 1993.

John T. Coghlan, Morrison & Hecker, Kansas City, MO, for movant.

Steven R. Anderson, Levy & Craig, Kansas City, MO, for respondent.

## MEMORANDUM OPINION AND ORDER

KAREN M. SEE, Bankruptcy Judge.

Creditor Leviton Manufacturing Company objected to the application of the Official Unsecured Creditor's Committee to retain a second law firm as special counsel. For the following reasons, the application to retain special counsel is denied.

### FACTS

The firm of Levy & Craig is the appointed counsel for the Official Unsecured Creditors' Committee. A Chapter 11 plan was confirmed on April 15, 1992. On June 14, 1993, an order was entered authorizing the Committee to file preference actions due to debtor's unwillingness to prosecute certain actions against suppliers. Committee counsel Levy & Craig investigated and filed various preference actions. The firm did the investigative work concerning an alleged preference received by Leviton Manufacturing Company, which is a member of the Creditor's Committee. However, when the Committee filed a preference action against Leviton, it filed an application to employ the firm of Smith, Gill, Fisher '& Butts as special counsel to represent the Committee in the action, *The Official Unsecured Creditors' Committee of Electrical Materials Company v. Leviton Manufacturing, Inc.*, 160 B.R. 1018 (Bankr. W.D.Mo.).

The Committee contends its counsel has a conflict because defendant Leviton is a member of the Creditors' Committee. Leviton objects to the application to employ special counsel and argues that: no conflict arises merely because Leviton is a committee member, but rather the Committee must show an adverse interest under 11 U.S.C. § 1103(b); special counsel would consume funds that would otherwise be distributed to creditors; and special counsel's work is unnecessary and would duplicate work done by Levy & Craig.

### DISCUSSION

If the work of a second professional will be clearly duplicative and wasteful, the court should deny the committee's request for employment of another professional. *In re Saxon Industries, Inc.*, 29 B.R. 320, 322 (Bankr.S.D.N.Y.1983). A committee may employ more than one attorney, but it is the exception to the rule and the committee must show good cause. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess., p. 402 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess., p. 114 (1978).

Where alleged conflicts of interest are involved, § 1103(b) must be construed. Section 1103(b) provides:

An attorney ... employed to represent a committee ... may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Representation of one or

more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest.

In 1984 Congress amended § 1103(b) by adding the last sentence which states that representation of one or more creditors of the same class as represented by the committee shall not per se constitute representation of an adverse interest. Before the 1984 amendment, case law generally held that any potential for conflict of interest was to be avoided. *In re Oliver's Stores, Inc.*, 79 B.R. 588, 593 (Bankr.N.J.1987); *see also In re Saxon Industries, supra* (equity security holders committee was allowed to retain its own accountant and not rely on creditors' committee accountant due to potential conflict). "Cases decided after the 1984 Amendments have applied the case by case approach in light of the statutory change in language." *In re Oliver's Stores, Inc.*, 79 B.R. 588, 595 (Bankr.N.J.1987).

■ The burden is on the Committee to show that Levy & Craig's representation of the Committee in the action against Committee member Leviton would constitute representation of an adverse interest. The Committee does not identify what the adverse interest is. It is not alleged, pursuant to § 1103(b), that Levy & Craig also represents any entity other than the Committee or that it represents both the Committee and an individual creditor in a situation with a demonstrated conflict. *See, e.g., In re Whitman*, 101 B.R. 37 (Bankr.N.D.Ind.1989); *In re Oliver's Stores, Inc.*, 79 B.R. 588 (Bankr.N.J. 1987). The only reason the Committee asserts for hiring a second law firm is that defendant Leviton is on the Committee. This is not per se an adverse interest and the Committee has not demonstrated any other basis for finding of an adverse interest. The Committee also did not cite any ethical basis requiring substitution of counsel.

Leviton, the party one might expect to object to the original counsel's continued work, instead objects to employment of a second law firm. As noted by Leviton, rather than have the Committee incur the expense of additional counsel, Leviton can follow common practice for this type of situation and abstain from attending any portion of a meeting or voting on any issue which pertains to the action against Leviton. Alternatively, in its response brief Leviton appears to offer to resign from the Committee in order to avoid the expense of additional counsel. Levy & Craig is already familiar with the facts of this case, having completed the investigative work necessary to file the action without perceiving a conflict under § 1103(b), and to retain additional counsel without showing of an adverse interest would be an undue expense.

■ Leviton also raised additional arguments challenging the Creditors' Committee's standing as a proper party to maintain the action. That argument is rejected. The Committee has been duly authorized by an order entered July 22, 1993 to prosecute preference actions which debtor was unwilling to pursue. The Committee has standing to file the action. *Nebraska State Bank v. Jones*, 846 F.2d 477, 478 (8th Cir.1988).

For the foregoing reasons, it is ordered that The Official Unsecured Creditors' Committee application to employ the law firm of Smith, Gill, Fisher & Butts as special counsel is denied.