**In re SCHATZ FEDERAL BEARINGS CO., INC., Debtor.**

**Bankruptcy No. 80 B 20101.**

United States Bankruptcy Court,
S. D. New York.

May 27, 1981.

Michael B. Nicholson, Asst. Gen. Counsel, Intern. Union, UAW, Detroit, Mich., for debtor.

Stroock & Stroock & Lavan, New York City, for Creditors' Committee; Sheldon Lowe, New York City, of counsel.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), is no longer willing to serve as a member of the Creditors' Committee for the above-captioned estate and seeks leave to withdraw. The Creditors' Committee originally vigorously opposed the Union's application to be named as a member of the Committee and now, with equal vigor, opposes the Union's withdrawal. This seemingly inconsistent position is understandable in the light of the manner in which the Union was initially appointed as a member of the Committee. On July 29, 1980, this court granted the Union's application to be appointed to the Creditors' Committee and held that the Union was a creditor of the debtor within the meaning of Code § 101(9) and therefore eligible to serve on the Creditors' Committee. *In re Schatz Federal Bearings Co., Inc.,* 5 B.R. 543, 6 B.C.D. 692, 2 C.B.C.2d 741 (Bkrtcy., S.D.N.Y.1980). The Creditors' Committee has appealed from this decision. Hence, the Union's withdrawal from membership would moot the appeal and frustrate the Committee's strategy to obtain a possible reversal, consistent with its view that a union should not be a member of a Creditors' Committee. Thus, the Creditors' Committee does not wish to have the Union serve as a member and the Union does not now desire to remain on the Committee. The parties part company, however, as to the avenue of approach to arrive at this point.

The Creditors' Committee would like to have a litigated ruling bearing the imprimatur of a higher court holding that, as a matter of principle in this and any other future cases, a union is ineligible to participate as a member of a Creditors' Committee. The Union would simply prefer to be permitted to withdraw as a member of the Creditors' Committee in this case, without incurring any additional expenses to sustain a position which is now academic because of the cessation of the debtor's business and its subsequent liquidation. The Union's interest in protecting its members' pension rights in an on-going reorganization is no longer at issue in the liquidation of the debtor, especially since these rights have been guaranteed by the Pension Benefit Guaranty Corporation, a federal agency, in accordance with provisions of Title IV of the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1301 *et seq.* Moreover, on March 17, 1981, this court approved the sale of substantially all of the debtor's assets to International Fastener Research Corporation (IFRC) for $7,275,000. The Union has since negotiated with IFRC for a new labor contract covering the operations at the debtor's former plant in Poughkeepsie, New York. Thus, the Union has other live interests and is not desirous of incurring expenses for the purpose of litigating a dead issue with respect to its position in this case.

The Creditors' Committee, on the other hand, has compared the Union's approach to that of a child who takes his football and wants to go home during the middle of a game he started. Although the game is now going on in another ballpark, the Creditors' Committee would like to keep the billing clock running in the deserted stadium so as to obtain an official ruling from the "referee" that it has scored, notwithstanding the absence of the other side. This position was aptly stated by counsel for the Creditors' Committee as follows:

"In making this present application, the UAW is playing games with this court, disrupting the normal appellate process and disrupting the bankruptcy process. The analogy I made during the

course of argument between the UAW's conduct in this matter and the kid who takes his football and goes home during the middle of a game he started, and while he is ahead, is a perfect one in this case. The argument made by the UAW for its position based upon its claimed right to withdraw or resign from the Committee at will if it chose to do so, is unsound. Before the UAW would have a right to withdraw or resign from the Committee, it would first have to be determined that they had a *right* in the first instance to sit on the Committee. It was precisely this issue which you Honor had before him earlier, decided, and which was later appealed by the Committee. Stated otherwise, it is only after the UAW's right to sit on the Committee is determined to exist, that it may, perhaps, withdraw or resign therefrom. Only if your Honor were to vacate his order authorizing the representation of the UAW to sit on the Creditors' Committee might the appeal be mooted."

■ As a matter of principle, the position of the Committee's counsel may have some procedural merit. However, in substance, this court cannot subscribe to an approach that would entail additional expenses, most of which would have to be paid for out of this estate, not to mention the waste of judicial time, to litigate an academic issue in this case in order to arrive at a result both parties now maintain, namely that the Union should not be a member of the Creditors' Committee.

This is not a case where a creditor seeks to withdraw from a Creditors' Committee after having participated in the affairs of the Committee. At the request of the Creditors' Committee, this court stayed the United States Trustee's appointment of the Union to the Committee pending the appeal by the Creditors' Committee in opposition to such appointment. The Union, therefore, has not participated in any Creditors' Committee meetings subsequent to its appointment and now states that it is not willing to serve and wishes to withdraw from membership.

■ Code § 1102(b)(1) provides that a committee of creditors "shall ordinarily consist of the persons, *willing to serve*, that hold the seven largest claims against the debtor of the kinds represented on such committee..." (Emphasis added). In the pilot areas, such as the Southern District of New York, a party in interest may request the court to direct the United States Trustee to appoint additional committee members if necessary to assure adequate representation. Code § 151102(b). Thus, the composition of the committee is not intended to be static. If there are insufficient willing creditors, or if there are additional willing creditors who should serve on the committee to assure adequate representation, further appointments are authorized. The key factor is the willingness of a creditor to serve. Code § 1102 and Code § 151102 do not contemplate involuntary members serving on committees. If a creditor does not wish to have his interest represented, or if a creditor no longer has an interest in the case, there is no justification for compelling such creditor to serve on a committee, since the *raison d'etre* for such participation is the protection of the creditor's interests. A creditor who has no interests in the estate to protect should not serve on the committee because the rights of the other creditors to adequate representation would then be diluted.

Accordingly, the Union is entitled to withdraw its request for representation on the Creditors' Committee and its application to this effect is granted.

IT IS SO ORDERED.