**In re M.H. CORPORATION d/b/a Great Outdoors, Debtor.**

**Bankruptcy No. 1–83–00415.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

May 17, 1983.

R. Edward Tepe, Cincinnati, Ohio, for debtor in possession.

Carl Morgenstern, Hamilton, Ohio, for trustee.

ORDER ON REQUEST FOR
INSTRUCTIONS

BURTON PERLMAN, Bankruptcy Judge.

In this Chapter 11 case, a § 341 meeting of creditors was held March 22, 1983. Pre-

siding at the meeting was Barbara A. Ullmann, acting estate administrator. Ms. Ullman has filed Request for Instructions regarding an appointment to the creditors committee based upon certain facts. Such facts relate to statements made at the meeting by Carl Morgenstern, Esq., an attorney representing a number of creditors. Morgenstern made statements to the effect that he and his clients would object to any plan the debtor proposes and would just as soon see the case proceed as a Chapter 7 liquidation, for they feel that debtor would not live up to anything. Attorney for the debtor then, at the meeting, objected to Morgenstern and any of the creditors he represents serving on the creditors committee. Morgenstern and counsel for debtor both have filed memoranda, though neither has produced any authority for the guidance of the court in this matter.

■ Initially we note that debtor does have standing to challenge the composition of the creditors committee. *In re Penn-Dixie Industries, Inc.* 9 B.R. 936 (D.C., S.D. N.Y.1981).

■ The Bankruptcy Code, however, states no standards regarding who may serve on a creditors committee. All that appears is that the committee of unsecured creditors "shall ordinarily consist of the persons, willing to serve, that hold the seven largest claims against the debtor...". 11 U.S.C. § 1102(b)(1). A party in interest may ask the court to change the membership or size of a committee "if the membership of such committee is not representative of the different kinds of claims or interests to be represented." There is nothing in the statute which would prevent service of the creditors committee of a creditor unsympathetic to the efforts of a debtor to reorganize. See *Matter of Schatz Federal Bearings Co., Inc.* 2 C.B.C.2nd 741, 747, 11 B.R. 363 (Bkrtcy.S.D.N.Y.1980).

■ Accordingly, we will overrule the objection of debtor presently made. Several further remarks, however, are necessary. The creditors committee is made up of creditors or their representatives. It follows from this observation that we will not approve the appointment of Morgenstern to the creditors committee as representative of sixteen different creditors; any such appointment must be as representative of a specific creditor. In addition, we will not appoint a creditors committee consisting of a single creditor, for that is inherently inconsistent with the notion of a committee. Any single creditor ought to look after its rights in its own name. Finally, with respect to service of attorneys on creditors committees, it is our policy to encourage creditors to designate persons engaged in their businesses to serve on a creditors committee, our thought being that such persons have greater insight into business affairs and this will be more useful in fulfilling the function of a creditors committee. We do not, however, bar the service on a creditors committee of an attorney if a creditor, aware of the just stated policy suggestion of the court, wishes that such a person be its representative.

SO ORDERED.