**In re SEAESCAPE CRUISES, LTD., Debtor.**

**Bankruptcy No. 91–11121–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

Sept. 3, 1991.

David M. Levine, McDermott, Will & Emery, Miami, Fla., for the Committee of Unsecured Creditors.

Robert Schatzman, Schantz, Schatzman & Aaronson, Miami, Fla., for debtor.

Lynn Gelman, Asst. U.S. Trustee, Miami, Fla.

## MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S OBJECTION TO COMPILATION OF COMMITTEE OF UNSECURED CREDITORS

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE came on to be heard August 13, 1991 upon the Debtor's Objection To Compilation Of Committee Of Creditors Holding Unsecured Claims, whereby the Debtor seeks to reconstitute the membership of the Committee by removing those members who may assert maritime lien claims. The Court having considered the Debtor's objection and the responses filed by both the Committee and the United States Trustee, having heard the arguments of counsel and examined the evidence presented, and the Court being otherwise fully advised in the premises, denies the relief requested by the Debtor for the following reasons:

### Background

The Debtor is in the cruiseline business, specializing in one day cruises. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 18, 1991. The Committee was appointed by the United States Trustee pursuant to § 1102(a) on May 10, 1991. All of the creditors appointed to the Committee were selected from among the Debtor's own lists of unsecured creditors which were included in the Debtor's schedules as filed with the Court. At the time of the formation of the Committee, the United States Trustee was aware that a number of the creditors who were willing to serve on the Committee claimed to hold maritime liens. Notwithstanding this disclosure, the United States Trustee felt that these diverse interests were representative of the types of claims existing in the case and that their appointment to the Committee was not inconsistent with the purpose of Section 1102 of the Bankruptcy Code.

The Committee has participated actively throughout the case, and has recently filed a motion to convert the case to a Chapter 7 proceeding. The motion is presently pending.

### Discussion

The Debtor argues that the several members of the Committee who hold maritime liens are secured creditors who do not fairly represent the interests of unsecured creditors; that a conflict of interest exists within the Committee, since the maritime lien claimants would necessarily consider it in their own best interest to resist the Debtor's efforts to reorganize because they will more likely fare better from the liquidation of the Debtor. The Debtor contends that several maritime lien claimants on the Committee have demonstrated their "true colors" by seeking relief from stay to enforce their liens and that the pending the motion to convert the case to a Chapter 7 liquidation is a reflection of the self-serving interests of these particular members. These arguments are unpersuasive.

First, the claims of maritime lien holders are not so readily classified as "secured" claims, especially in the context of a bankruptcy case such as this, where the vessels have not been arrested and where the automatic stay imposed by Section 362 of the Bankruptcy Code precludes the seizure of the vessels or the enforcement of those liens, at least within the jurisdiction of this

Court. Virtually every creditor who provided necessary services to the vessels may have a basis for asserting maritime liens. However, whether a maritime lien is enforceable depends on a number of factors, such as the value of the vessel in which the lien arose, the ranking of the maritime lien vis a vis other maritime liens, the law of the jurisdiction in which the vessel is seized, the particular terms of the applicable charter agreement and numerous other variables which must be considered under applicable bankruptcy and maritime law. Whether any of the members of the Committee who claim potential maritime liens are actually "secured" creditors cannot be determined with any degree of certainty at this time.

 Further, even if some or all members of the Committee should elect to assert maritime lien claims or other secured claims, they are not required to do so at this stage of the proceeding. The Debtor has sought and obtained an order extending the bar date for filing proofs of claim in this case until October 17, 1991 and also requiring any entity claiming a maritime lien to file a proof of claim by such date. Consequently, creditors need not assert maritime lien claims or make any election at all with regard to their claims until the October 17th bar date. Meanwhile, the Debtor, who listed all of the members as unsecured creditors on the schedules filed in the case,[1] refuses to acknowledge at this stage that any of the members of the Committee hold valid or enforceable maritime liens.[2] Thus, the Debtor's concerns that members of the Committee assert secured rather than unsecured claims are premature. Furthermore, even if it could now be established that some or all of the members of the Committee are partially secured, such a determination would not justify the removal of any of the members, since section 1102 does not preclude a creditor who holds both secured and unsecured claims from serving on the Committee. *In*

*re Walat Farms, Inc.,* 64 B.R. 65 (Bankr. E.D.Mi.1986).

 A member of a creditors' committee should not be removed unless there is specific evidence that the member has breached or is likely to breach a fiduciary duty to the class of creditors represented by that member. *See In re Microboard Processing, Inc.,* 95 B.R. 283, 285 (Bankr. D.Conn.1989). The fact that the Committee has filed a motion to convert the case to a Chapter 7 case or that some of the members have unsuccessfully sought relief from stay to enforce their maritime liens is not sufficient to demonstrate a conflict of interest among the members of the Committee or any breach of fiduciary duty by the Committee to unsecured creditors. Although Section 1102 of the Bankruptcy Code states no standards regarding who may serve on the creditors' committee, there is nothing in the statute which would prevent service on the creditors' committee of a creditor unsympathetic to the efforts of a debtor to reorganize. *In re M.H. Corporation,* 30 B.R. 266, 267 (Bankr. S.D.Ohio 1983). A committee's fiduciary obligation extends to members of the unsecured creditor class and not to the debtor.

 A creditors' committee is not merely a conduit through which the debtor speaks to and negotiates with creditors generally. *In re Daig Corp.,* 17 B.R. 41, 43 (Bankr. D.Minn.1981). An effective committee must necessarily be adversarial if it is to fulfill its role as "watchdog" in a Chapter 11 case. *See* 11 U.S.C. § 1103(c)(2), (4) and (5). The United States Trustee, with the full appointive power vested in that office pursuant to § 1102(a), appointed the members of the Committee in compliance with the statute with full knowledge that the potential members might be holders of maritime liens. The United States Trustee was satisfied then and continues to be satisfied that the Committee is properly constituted. Significantly, no unsecured credi-

---

**1.** Under 11 U.S.C. § 1111(a), these members of the Committee are, accordingly, deemed to have filed unsecured proofs of claim subject to their ability to amend such claims on or before the October 17, 1991 bar date.

**2.** See Committee Exhibit "7" in evidence consisting of the Debtor's answer to interrogatories propounded by the Committee on this issue.

tors have come forward to complain that their interests are not being fairly represented. Each member of the Committee, when examined under oath, testified that he or she understood the duties and responsibilities of the members of the Committee and was willing and able to fulfill his or her fiduciary duty to unsecured creditors. Accordingly, the Court is satisfied that no actual conflict of interest exists within the Committee as it is presently constituted and that no member has breached or is likely to breach a fiduciary duty to the class of unsecured creditors. Moreover, the Court is satisfied at this stage of the case that the Committee and its counsel have played an active and productive role in this case and that the Committee has performed its "watchdog" role. Accordingly, it is

ORDERED that the Debtor's objection is overruled and the Debtor's request to remove certain members or to reconstitute the Committee is denied without prejudice to the Debtor or any interested party in bringing this matter before the Court at some future time should circumstances so warrant.

DONE and ORDERED.