**In re AMERICA WEST AIRLINES, a Delaware Corporation, Debtor.**

**Bankruptcy No. B–91–07505–PHX–RGM.**

United States Bankruptcy Court,
D. Arizona.

April 30, 1992.

Carl A. Eklund, John C. Parks, Faegre & Benson, Denver, Colo., Charles R. Sterbach, Steven N. Berger, Gallagher & Kennedy, Phoenix, Ariz. Local Counsel, for debtor.

Penn Ayres Butler, Henry C. Kevane, Tobias S. Keller, Murphy, Weir & Butler, Los Angeles, Cal., John J. Fries, Brenda Moody–Whinery, Guy D. Kidd, Ryley, Carlock & Applewhite, Phoenix, Ariz., Local Counsel, for Unsecured Creditors Committee.

Benjamin Waisbren, Pamela Jiminez, Lord, Bissell & Brook, Chicago, Ill., Attorneys for Equity Sec. Holders Committee.

David C. L. Frauman, Valerie A. Logmeyer, Millbank, Tweed, Hadley & McCloy, Los Angeles, Cal., Marcia J. Busching,

Sacks, Tierney & Kassen, Phoenix, Ariz., Local Counsel, for Kawasaki.

Jean K. Fitzsimon, Johnston, Maynard, Grant & Parker, Phoenix, Ariz., for A.V.S.A., S.A.R.L.

Paul A. Randolph, Don C. Fletcher, Phoenix, Ariz., United States Trustee's Office.

### ORDER DENYING KAWASAKI'S MOTION FOR REAPPOINTMENT TO UNSECURED CREDITORS' COMMITTEE

ROBERT G. MOOREMAN, Chief Judge.

This matter is before the Court pursuant to the Motion of Kawasaki Leasing International, Ltd. ("Kawasaki") for an Order Reappointing them to the Unsecured Creditors' Committee ("Committee"). A hearing on this matter was held March 23, 1992 after which the motion was taken under advisement and a minute entry was entered denying this motion after which this opinion and order follows. After due consideration of the motion, and the responses, the applicable law, the record herein, the evidence presented and the undisputed facts herein as well as the oral arguments thereon under the present posture of the case, the Court finds and concludes as follows:

On June 26, 1991 America West Airlines, Inc. ("Debtor") filed its Chapter 11 petition. On July 10, 1991, the United States Trustee appointed the original Committee compromising eight (8) members including four large unsecured general or trade creditors, three bond or debenture holders and one non-voting member. Kawasaki was included in the Committee as one of the general or trade unsecured creditors.

Thereafter and on or about December 12, 1991, the Court approved Kawasaki's Debtor–In–Possession financing Order wherein Kawasaki loaned $23,000,000 to Debtor.[1] In the DIP loan, Kawasaki received a claim secured by substantially all of Debtor's assets and constituting an allowed priority claim over the Sec. 503(b) and Sec. 507(b) administrative claimants except for certain claims. Additionally, as part of the DIP loan package, Debtor assumed an Aircraft Finance Agreement with Kawasaki which converted approximately $54,000,000 of unsecured claims into allowed administrative claims under Section 503(b). Pursuant to the DIP loan package, upon confirmation of the plan of reorganization, 85% of Kawasaki's outstanding pre-petition claim based on the Aircraft Finance Agreement is secured by the collateral securing the DIP loan and the remaining 15% of the outstanding balance is to be treated as a general unsecured claim.

The U.S. Trustee received a letter dated January 23, 1992 from the Committee's counsel indicating the Committee's request to remove Kawasaki from the Committee. After discussions between the counsel for the Committee and for Kawasaki, the U.S. Trustee in a detailed and comprehensive letter dated February 25, 1992, attached and incorporated herein by reference, notified Kawasaki of the U.S. Trustee's decision to remove Kawasaki from the Official Committee. Further discussions and correspondence ensued but the U.S. Trustee did not change its initial decision and as a result of the U.S. Trustee decision, Kawasaki filed the instant motion.

The Court finds and concludes on this record that the U.S. Trustee has the authority to appoint as well as remove members to official committees. *In re Drexel Burnham Lambert Group*, 118 B.R. 209 (Bankr.S.D.N.Y.1990). The standard in determining whether the U.S. Trustee has abused authority is whether the U.S. Trustee acted arbitrarily and capriciously. *In re First RepublicBank Corp.*, 95 B.R. 58 (Bankr.N.D.Tex.1988). The Court finds and concludes that the U.S. Trustee conducted a thorough and complete analysis of the entire matter presented. In making this decision to remove Kawasaki, the U.S. Trustee deliberated with the Committee for over 4 weeks and then even reconsidered its decision to remove Kawasaki. The U.S. Trustee thereafter determined that Kawasaki did not currently hold a claim for purposes of Committee

---

**1.** Previously, the Court approved an earlier Debtor–In–Possession financing with GPA and Northwest for approximately $55,000,000.

representation and that Kawasaki is not representative of claims comprising the committee. The U.S. Trustee did not argue that Kawasaki has an impermissible potential or actual conflict of interest, the U.S. Trustee deferred to the Committee to make such an argument as may be appropriate.[2]

■ The Court will first review the issue of whether the U.S. Trustee abused its discretion in determining that Kawasaki was not a proper representative of the unsecured creditor's interests. A member's ability to represent the unsecured creditor's committee is an important factor in determining whether the member should serve on the committee. *In re A.H. Robins Co.*, 65 B.R. 160 (Bankr.E.D.Va.1986). The Court finds and concludes that Kawasaki's interests have changed dramatically since it became a post-petition financier with priority status. Kawasaki obtained liens upon virtually all of Debtor's collateral due to the DIP loan package. Additionally, Kawasaki restricted the use of certain accounts and obtained power to sell Debtor's collateral with minimum notice in exercise of its remedies. Consequently, Kawasaki has an entirely different perspective than any other member on the official unsecured creditor committee as well as unsecured creditors.

A Bankruptcy Court has ruled that an undersecured creditor may sit on a committee but warned of situation like the case at bar. *In re Walat Farms, Inc.* 64 B.R. 65 (Bankr.E.D.Mich.1986). The Court in *Walat Farms, supra,* cautioned that in some circumstances an undersecured creditor could be required to wear two hats that were diametrically opposed. For example, an undersecured creditor interests would be served if the estates primary collateral were liquidated rather than face the delay of a plan of reorganization which benefits the unsecured creditors. *Id.* The undersecured creditor with its collateral compromising a majority of an estate may also seek the lifting of the automatic stay which could lead to a liquidation of the entire estate and providing for only a nominal amount for the unsecured creditors. *Id.* Even in the event the estate would not be liquidated, the undersecured creditor would be in a position to exert its power in the negotiation stages of a plan of reorganization with the potential of receiving favorable treatment at the expense of the unsecured creditors. *Id.* It appears to the Court that there are other situations where Kawasaki's best interests would be in direct contravention of the unsecured creditors interests in the proposed scenario. In the event Kawasaki would be required to make a choice between its self interest versus the interests of the unsecured creditors the choice would be difficult.

■ Another factor in determining whether the interests of unsecured creditors is being adequately represented is whether the members on the official unsecured creditors committee consider the creditor capable of representing its interests. *In re Seaescape Cruise, Ltd.*, 131 B.R. 241 (Bankr.S.D.Fla.1991); *In re Richmond Tank Car Co.*, 93 B.R. 504 (Bankr. S.D.Tex.1988). In the instant case, the members of the Committee agree that Kawasaki would be unable to properly represent the interests of the unsecured creditors and unanimously voted to require Kawasaki to resign or be removed.

Finally, it occurs to the Court that no harm will occur if Kawasaki is not reappointed. Kawasaki has not shown any benefits that the Official Unsecured Creditors' Committee would receive if Kawasaki remained on the Committee. Based on the record, it appears that the Committee can properly serve its function without Kawasaki's presence [3]. Therefore, on this record the Court finds and concludes that the U.S. Trustee did not abuse its discretion when it removed Kawasaki.

---

**2.** The U.S. Trustee in its Objection to Kawasaki's Motion for Reappointment to Creditors Committee states on page 12 that "The United States Trustee has decided to defer to the Committee regarding any alleged actual or potential conflicts of interest between Kawasaki and the Committee."

**3.** The Court finds and concludes that Kawasaki should not sit on the Committee, thus it is not necessary for the Court to address the issues as to whether Kawasaki has an impermissible conflict of interest or whether Kawasaki holds an unsecured claim for purposes of Committee representation.

Accordingly,

IT IS ORDERED denying Movant's Motion and the filing and docketing of this motion shall constitute the final order in this matter.

## APPENDIX

**U.S. Department of Justice**

United States Trustee

*District of Arizona*

*320 North Central Avenue, Suite 100*

*Phoenix, Arizona 85004*

*(602) 379–3092*

February 25, 1992

Penn A. Butler

Henry C. Kevane

Murphy, Weir & Butler

101 California Street, 39th Floor

San Francisco, CA 94111

David C.L. Frauman

Milbank, Tweed, Hadley & McCloy

601 South Figueroa Street, 13th Floor

Los Angeles, CA 90017

   In re: America West Airlines No. 91–07505–PHX–RGM

Dear Gentlemen:

As you know, counsel for the Official Creditors' Committee ("Committee") has requested the United States Trustee to remove Kawasaki Leasing International, Ltd. ("Kawasaki") as a member of the Committee. The United States Trustee has carefully reviewed the Committee's request, and for the following reasons, has reconstituted this Committee resulting in the removal of Kawasaki as a Committee member.

The United States Trustee ("Trustee") has clear authority to reconstitute a creditors' committee. *See, In re First RepublicBank Corp.,* 95 Bankr. 58, 60 (Bankr. N.D.Tex.1988) ("The United States trustee has administrative authority over committee membership.") and *In re Texaco Inc.,* 79 Bankr. 560, 565 (Bankr.S.D.N.Y.1987) ("Any requests for changes in the membership or size of previously appointed committees may now be addressed to the United States Trustee....").

Based upon this authority, the Trustee reviewed correspondence from both the Committee and Kawasaki as well as the Court's December 12, 1991, Final Order Authorizing Debtor to (i) Obtain Additional Post-petition Financing Pursuant to 11 U.S.C. § 364(C); (ii) Assume Modified Aircraft Finance Agreement; and (iii) Enter Into Amended Credit Agreement ("Order") to determine whether the current nature of Kawasaki's claim was "of the kinds represented" on the committee. 11 U.S.C. § 1102(b)(1). Originally, Kawasaki was appointed to the Committee based upon their pre-petition unsecured claim exceeding $40 million. This claim, according to the Order, was converted to a post-petition administrative priority claim under 11 U.S.C. § 503(b) in December, 1991. At the present time, it appears that Kawasaki does not hold an unsecured claim, but only a future contingent unsecured claim, assuming debtor confirms a plan of reorganization. Due to the changed nature of Kawasaki's claim, the Trustee is justified in reconstituting the Committee. *See generally, In re Texaco Inc.,* 79 Bankr. at 566–567.

Counsel for the Committee raises other reasons for removing Kawasaki including a conflict of interest due to Kawasaki's providing the debtor with post-petition financing. These additional reasons alone might not justify reconstituting the Committee, but the changed nature of Kawasaki's claim as well as the cumulative effect of the Committee's additional reasons further justifies the Trustee's action.

Please find enclosed a copy of the Notice of Appointment of the Reconstituted Official Creditors' Committee that the Trustee lodged with the Court today. It also reflects the recent resignation of Froley, Revy Investment Company. Their name has been removed from the Committee. The Trustee does not intend, at this time, to. appoint any replacement.

Thank you for your cooperation during the our deliberative process and for providing us with helpful information.

   Sincerely yours,

ADRIANNE KALYNA
Acting United States Trustee
District of Arizona
DON C. FLETCHER
Attorney Advisor

Enclosure