**In re LACLEDE CAB COMPANY, Debtor.**

**Bankruptcy No. 92–44765–172.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Sept. 29, 1992.

Thomas M. Blumenthal, Clayton, Mo., for debtor.

Joseph J. Trad, Larry E. Parres, St. Louis, Mo., for Capital Bank and Trust Co. of Clayton.

David A. Warfield, St. Louis, Mo., for Official Unsecured Creditors Committee.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The matters being considered here are the objections of the Debtor–In–Possession

("Debtor") to the composition of the Official Unsecured Creditors Committee ("Committee") as appointed by the United States Trustee, and the Debtor's objection to the Creditors Committee's application to employ David A. Warfield as attorney for the Committee. The matter was submitted to the Court on Debtor's memorandum in support of its objections, and the Committee's response to Debtor's objection to the United States Trustee's appointment of the Creditors Committee.

Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on July 10, 1992. On August 26, 1992, the Assistant United States Trustee for the Eastern District of Missouri appointed an Official Unsecured Creditors Committee. Barry Cervantes of Gateway Insurance Company ("Gateway"), was appointed one of the three members of the Committee. Gateway's claim against the Debtor is based on a state court civil law suit, in which Gateway obtained a pre-petition default judgment against the Debtor. The judgment had been appealed by the Debtor prior to the commencement of this case. In this reorganization case, Gateway's claim is scheduled as disputed, contingent, and unliquidated.

The grounds for the Debtor's objections are that Gateway's claim is disputed, that Gateway is hostile to Debtor's reorganization efforts and that Gateway has a conflict of interest. Debtor submitted no separate arguments for its objection to employment of Mr. Warfield by the Committee.

■ Based on a consideration of the record as a whole, the Court has concluded that there is not a sufficient legal basis to sustain the Debtor's objections. The Debtor has not cited a reference to any section in the Bankruptcy Code that requires the absolute exclusion of holders of disputed claims from a creditors committee. A creditor is defined as an "entity that has a claim against the debtor". 11 U.S.C. § 101(10)(A). A claim is defined as a "right to payment, whether or not such right is … unliquidated … contingent … disputed". 11 U.S.C. § 101(5)(A). Section 1102(b)(1) says that the creditors committee is to consist of "persons, willing to serve, that hold the seven largest claims against the debtor." 11 U.S.C. § 1102(b)(1). According to the bankruptcy schedules, Gateway meets the statutory requirements to serve on the Committee.

At least one Bankruptcy Court has reached a similar conclusion. In *In re Daig Corporation,* 17 B.R. 41 (Bankr. D.Minn.1981), the Court stated that the fact that the debtor had disputed a creditor's claim was insufficient for the court to interfere "with the Trustees's choice which meets the statutory criteria." *Id.* at 43.

■ Similarly, the Debtor has not referred to any provision in the Bankruptcy Code or cited any decisional law that would prevent a creditor from serving on a creditors committee merely because the creditor does not support the debtor's reorganization efforts. In *In re M.H. Corporation,* 30 B.R. 266 (Bankr.S.D.Ohio 1983), the Court determined that

> [t]here is nothing in the statute which would prevent service on the creditors committee of a creditor unsympathetic to the efforts of a debtor to reorganize.

*Id.* at 267.

Debtor's belief that Gateway does not want to see the Debtor reorganize is not enough to remove Gateway from the Committee.

■ Debtor also argues that Gateway has a conflict of interest and cannot meet its fiduciary duty to the individual creditors that are represented by the Committee.

> Courts should not remove a member from a creditors committee in the absence of specific evidence which supports a finding that the member has breached or is likely to breach a fiduciary duty to, or has an actual impermissible conflict of interest with, the class of creditors represented by that member.

*In re Microboard Processing Incorporated,* 95 B.R. 283, 285 (Bankr.D.Conn.1989). The record has not presented any evidence to establish that Gateway has or will breach its fiduciary duty or that it has a conflict of interest. There is no showing that Gateway has an interest adverse to

the unsecured creditors that will be represented by the Committee. Therefore,

IT IS ORDERED that this matter is concluded; and that the Debtor's objection to the appointment of Barry Cervantes as a member of the Official Unsecured Creditors Committee, and the Debtor's objection to the Creditors Committee's application to employ David A. Warfield as attorney for the Committee are OVERRULED. The Order authorizing the appointment of Mr. Warfield has been previously entered.