SlKORA, J.
INTRODUCTION
The plaintiff lienholder attorneys and law firms (“the attorneys” or “the lienholders” pursuant to G.L.c. 221, §§50 and 50B) are suing the defendants Stefano Picciotto, Judith Picciotto, Melita Picciotto, Athena Picciotto, Juan Nunez, and Foreign Car Center, Inc. (Collectively the “Picciotto parties”) for collection of substantial fees and costs allegedly earned and incurred in longrunning antecedent litigation. The Picciottos have counterclaimed against the attorneys upon allegations of legal malpractice and violations of G.L.c. 93A. At this juncture the Picciottos have moved to file a third-party complaint against two new parties: attorney Jeffrey A. Schreiber (“Schreiber”) and Rich International Inc. (“Rich”). Rich and Schreiber oppose the motion to implead them. For the reasons developed below, the court DENIES the Picciottos’ motion to bring third-party claims against these parties.
BACKGROUND
In the proposed third-party complaint the Picciottos allege that Schreiber and Rich are liable to the Picciottos for all or part of the fees and costs claimed by lienholder attorneys. The allegations focus upon the conduct of Schreiber and Rich in the Chapter 11 Bankruptcy Reorganization Procedure of Salem Suede, Inc. (“Salem Suede”), a company against whom the Picciottos had obtained a substantial judgment for toxic tort liability. In the proposed complaint the Picciottos content that Schreiber and Rich committed *213 certain tortious or inequitable conduct; and that, as a proximate result, they had to hire the plaintiff attorneys and to incur the claimed fees and costs.
Specifically, the Picciottos say that Schreiber served as counsel to an unsecured creditors’ committee in a Chapter 11 Bankruptcy Reorganization of the judgment debtor Salem Suede; and that Rich was a member of that committee. In Counts One, Three, Four, and Five the Picciottos charge Schreiber respectively with (1) breach of fiduciary duty; (2) negligence; (3) intentional infliction of emotional distress; and (4) violation of c.93Aby reasons of unfair or deceptive acts or practices. In Count Two they charge Rich with violation of a fiduciary duty. We will address the claims in turn.
DISCUSSION
1. Claims Against Schreiber (1)Count One: Breach of Fiduciary Duty
The Picciottos assert that they had sought to participate in the unsecured creditors committee and that the Office of the Trustees denied them that opportunity at the insistence of Schreiber. Schreiber has responded that, even if those allegations were accurate, they fail to comprise a cause of action because counsel to the creditors committee owed a duty only to members of the committee. Schreiber argues that he owed no duty to the Picciottos because they were not members of the unsecured creditors committee. The controlling law supports Schreiber’s position.
Counsel to the creditors committee owes a fiduciary duty only to the members of the committee. DiSteJano v. Stern, et al. 223 B.R. 610, 623-24 (D. Mass. 1996). The court in DiSteJano stated: “(O)nly the (creditors) committee itself and (perhaps) individual committee members have standing to sue committee counsel; other parties in the case, even unsecured creditors, do not” (emphasis supplied). The Bankruptcy Court relied explicitly upon Collier on Bankruptcy [id. at 623). The treatise writer explained the practical purpose of the rule (citations omitted):
The professionals represent the committee itself and not the entire class represented by the committee. Some cases have alluded to the concept that a committee professional has a broader duty than simply a duty to the committee. Such statements are misplaced. The committee itself represents the members of the class and the professionals follow the instructions of the committee. The professionals should not be place in position whe[re] they are expected or encouraged to second guess the committee as to how best to further the interests of the committee’s constituency.
At oral argument counsel for the Picciottos argued that bankruptcy courts from other federal districts had held that counsel to a creditors committee does have fiduciary duty to the creditors whom the committee is to represent. The DiSteJano court acknowledged this split among the Circuits and stated, “Some courts have gone a step further and held that counsel to a committee owes a fiduciary duty to ’’the creditors whom that committee was to represent . . . Nevertheless, this Court believes that characterizing committee counsel as a Jiduciary of all unsecured creditors is unwarranted" (emphasis added).
As a matter of authority, comity, and consistency within the Massachusetts jurisdiction, we should and will follow the prevailing rule.
(2)Count Three: Negligence
The Picciottos aver that Schreiber negligently performed duties owed to them. However, as a matter of law, he appears not to have owed any duty of diligence beyond his obligation to the committee. In DiSteJano, the court observed that “the tort of negligence . . . assumed the existence of some duty which has been breached.” 223 B.R. at 625, n. 20. The reason for the negation of a duty of diligence appears logically identical to the reasons for the rejection of a duty of loyalty to constituents of the committee: the attorney can feasibly serve only one client. The committee and its constituents may, amid the complexities and choices of the bankruptcy process, experience tensions and differences. The attorney cannot be expected to please them both. In the absence of a duty of care between clients and constituents, no claim of negligence can arise.
(3)Count Four: Intentional Tortious Conduct
The Picciottos allege a series of intentional wrongdoing resulting in financial harm and emotional distress. They plead (1) that Schreiber improperly influenced the Office of the Trustee to exclude them from the creditor committee, and to include Rich in it; (2) that Schreiber improperly induced his representation of the committee and sought payment for noncompensable activity; and (3) that he failed to conduct' a competent investigation of the debtor Salem Suede as ordered by the Bankruptcy Court.
Four elements are necessary to establish a claim of intentional infliction of emotional distress. The claimant must show (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous and beyond all possible bounds of decency so as to become utterly intolerable in a civilized community; (3) that the actions of the defendant were the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe and of a nature that no reasonable person could be expected to endure. Agis v. Howard Johnson Co. ,371 Mass. 140, 144-45 (1976). These requirements are designed to eliminate frivolous claims generated by mere bad manners and bruised feelings. They furnish a practical limitation against false or spiteful litigation. Id. at 145.
*214 The principal deterrent against invalid claims is the requirement that the defendant must have engaged in extreme and outrageous conduct. Foley v. Polaroid Corp., 400 Mass. 82, 98-100 (1987). The test of outrage is meaningful. To be actionable, the-defendant’s conduct must be extreme in degree and outrageous in character, resulting in the infliction of emotional distress. Mello v. Stop & Shop. Cos., 402 Mass. 555, 562 (1988). The conduct must be so outrageous in character and so extreme in degree as to go beyond bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. Id. at 562-63. Recovery for intentional infliction of emotional distress is not allowed if a reasonable jury could not conclude that the defendant engaged in extreme and outrageous conduct. Foley, 400 Mass, at 100 (1987). A finding that the defendant did not act in bad faith precludes a finding that his conduct was outrageous. Johnson v. Educational Testing Service, 754 F.2d 20, 27 (D.Mass. 1985), cert. denied, 472 U.S. 1029.
The Picciottos contend that Schreiber’s failure or refusal to name them (or one of them) to membership in the creditors committee and that his pursuit of undeserved compensation rose to the level of extreme and outrageous conduct. This claim on its face does not appear to satisfy the standard of outrage. Further factual material included in the prepared third-party complaint actually contradicts the allegation. On June 23, 1998, Mrs. Paula C. Bachtell from the Office of the United States Trustee in the Department of Justice sent a letter to Picciottos’ counsel.[1] She acknowledged that the Picciottos had filed many complaints with the Office of the U.S. Trustee with respect to Schreiber’s failure to appoint the Picciottos to the creditors committee. Ms. Bachtell, however, refused to appoint the Picciottos to the committee, even though she had the power at any time to do so.[2] She stated that she had found no reason to believe that the Picciottos’ interest as a general unsecured creditor was not being adequately represented by the creditors committee. She found no reason to disqualify Schreiber as counsel to the creditors committee.
In short, these allegations as a matter of law do not amount to a recognizable claim of intentional infliction of emotional distress.
In addition, the allegations of Count Four appear in substance to be recent expressions of claims previously decided by the Office of the Trustee. Consequently, they should have arisen in the Bankruptcy Court and not here. We do not have jurisdiction to review the decisions of the Trustee. The allegations belong, or did belong, to the Bankruptcy Court and, for review, to the United States District Court. These issues include (a) the propriety of Schreiber’s appointment as counsel to the committee, and (b) his application for payment for allegedly non-compensable activity. The Bankruptcy Court included both subjects in the course of its orders.
Pursuant to 28 U.S.C. §158, the “district court of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and with leave of the court, from interlocutory orders and decrees, of bankruptcy judges . . The Picciottos cannot appeal the Bankruptcy Court’s order approving Schreiber’s compensation by a collateral state law claim in the Superior Court.
(4) Count Five: 93A Violation
The Picciottos allege that Schreiber’s conduct constituted unfair or deceptive practices within the meaning of G.L.c. 93A, §§2, 9, or 11. In the absence of an attorney-client relationship or independent commercial relationship between Schreiber and them, they have no cause of action against him for his conduct in the bankruptcy proceeding. Tetreault v. Mahoney, Hawkes & Golding, 425 Mass. 456, 462-63 (1997).
II. The Claim Against Rich International Count Two: Breach of Fiduciary Duty
The Picciottos assert that Rich International, as chairperson of the creditors committee, breached a fiduciary duty to them. Rich has responded that it owes no fiduciary obligation to them.
An unsecured creditors committee and its members owe a fiduciary duty collectively to the class of creditors whom they represent; they do not owe that duty to any particular creditor. See In re Drexel Burnham Lambert Group, Inc., 138 B.R. 717, 722 (Bankr. S.D.N.Y. 1992); Pan Am Group v. Delta Airlines, Inc., 175 B.R. 438, 514-15 (Bankr. S.D.N.Y. 1994); A.B.F. Capital Management. et al. v. Kidder, Peabody & Co., Inc., 210 B.R. 508, 516 (Bankr. S.D.N.Y. 1997). As a matter of public policy, the law disfavors suits against committee members. Their work compromises an important element of the Chapter 11 reorganization process. Lawsuits asserting individual liability against committee members will have the natural tendency to inhibit participation in committees and to intimidate the judgment of members. See 7 Collier On Bankruptcy at paragraph 1103.05 [4] (15th ed.) (discussion and authority). Therefore, the law does not permit an actionable fiduciary duty in these circumstances. Count Two does not present a recognized cause of action.
ORDER
For these reasons the court DENIES the motion of the Picciotto parties to bring a third-party complaint against attorney Jeffrey A. Schreiber, and Rich International, Inc.

 A copy of the letter appears as Exhibit N of the proposed third-party complaint.

 See In Re American West Airlines, 142 B.R. 901, 902 (D. Ariz. 1992) (the U.S. Trustee has clear authority to alter the composition of a creditors committee sifter its creation).