In re AGWAY, INC., Debtor.

In re Agway General Agency,
Inc., Debtor.

In re Brubaker Agronomic Consulting
Service LLC, Debtor.

In re Country Best Adams,
LLC, Debtor.

In re Country Best–Deberry
LLC, Debtor.

In re Feed Commodities International
LLC, Debtor.

Nos. 02–65872 to 02–65877.

United States Bankruptcy Court,
N.D. New York.

June 9, 2003.

Martin, Martin & Woodard (Lee E. Woodard, Of Counsel), Syracuse, NY, for Unofficial Creditors Committee of Agway Retirees.

Weil, Gotshal & Manges LLP (Judy G.Z. Liu, Esq., Of Counsel), New York City, Menter, Rudin & Trivelpiece, P.C. (Jeffrey A. Dove, Esq., Of Counsel), Syracuse, NY, for Debtors.

Pachulski, Stang, Ziehl, Young & Jones & Weintraub, P.C. (Robert J. Feinstein, Esq., Of Counsel), New York City, for Official Unsecured Creditors Committee.

Hancock & Estabrook, LLP (Stephen A. Donato, Esq., Of Counsel), Syracuse, NY, for GECC.

Guy A. Van Baalen, Esq., Utica, NY, Assistant U.S. Trustee.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Chief Judge.

The Court has under consideration a motion filed on April 22, 2003 ("Motion"), on behalf of what is referred to as an "unofficial unsecured creditors' committee" comprised of retirees ("Retirees") of Agway, Inc. ("Agway" or "Debtor"). The Motion seeks the appointment of a Committee of Retired Employees pursuant to §§ 1102(a)(2) and 1114(d) of the Bankruptcy Code, 11 U.S.C. §§ 101–1330 ("Code"). Opposition to the Motion was filed on behalf of the United States Trustee ("UST") on April 30, 2003. Additional opposition was filed on behalf of Agway and certain of its direct subsidiaries as debtors and debtors in possession (collectively, the "Debtors"), as well as on behalf of the Official Unsecured Creditors Committee ("Official Committee") on May 1, 2003.

The Motion was heard at the Court's regular motion term in Syracuse, New York, on May 6, 2003. Following oral argument by the parties, the Court indicated it would take the matter under submission for decision.

## JURISDICTIONAL STATEMENT

The Court has core jurisdiction over the parties and subject matter of this contested matter pursuant to 28 U.S.C. §§ 1334(b), 157(a), (b)(1) and (b)(2)(A).

## FACTS AND ARGUMENTS

The Debtors filed voluntary petitions pursuant to chapter 11 of the Code on October 1, 2002. Agway is an agricultural cooperative engaged in a number of business activities and it and its subsidiaries, to the extent they have not been liquidated during the pendency of the case, have continued to operate and manage their businesses as debtors in possession pursuant to Code §§ 1107(a) and 1108.

On October 9, 2002, the UST appointed the Official Committee. According to the

Retirees, the Official Committee is comprised of "four individuals that would be considered 'farmer members' of the agricultural co-op, two financial institutions, and one alleged ex-employee [1]." *See* Motion at ¶ 4. It is the Retirees' position that they are not adequately represented on the Official Committee. They allege that their request for the appointment of a separate retiree committee was denied by the UST. *Id.* at ¶ 7. The Retirees have concerns about the possibility that the Debtor may transfer their life insurance and medical insurance benefits from the overfunded portion of the existing pension plan, where they are currently being held as "ancillary" rather than as "protected benefits." *Id.* at ¶ 21. They also take issue with the fact that some of them are participants in a Benefit Equalization Plan ("BEP") and unlike the active employees, their benefits are not protected by the overfunded portion of the pension plan. *Id.* There are also concerns about the possibility that the Debtor may eliminate its prescription drug program and may do a complete reversion of the existing pension plan. *Id.* at ¶ 22. The Retirees acknowledge, however, that "it is true that these potential modifications to the retiree benefits have not been officially proposed or filed by the Debtor with the Court." *Id.* at ¶ 23.

The Retirees request that an official committee of retirees be appointed pursuant to Code § 1102 or pursuant to Code § 1114 "with added rights, powers and duties to address all retiree issues . . . ." *See* Wherefore clause of Motion. The "retiree issues" they wish authority to address include: (a) medical insurance; (b) prescription drug coverage; (c) life insurance; (d) pension; (e) BEP pension; (f) BEP thrift; (g) deferred compensation; (h) thrift plan (CSF); (i) money market certificates, and (j) retiree Proof of Claim issues. *See* ¶ 7 of Retirees' Reply to Objections, filed May 5, 2003. In seeking the appointment of an official committee, the Retirees also indicate that they would have no objection to a cap of $10,000 per month payable from the Debtor's estate for attorney's fees.

The Debtor takes the position that the Retirees are adequately represented by the Official Committee. Furthermore, the Debtor argues that to appoint an official committee pursuant to Code § 1114 is premature since it has not filed any motion to modify the benefits of the Retirees. The Debtor asserts that in most instances there must be a motion by it to modify the retiree benefits in order for a committee to be formed pursuant to Code § 1114. It points out that at this point the Debtor is in the process of exploring various options and has not yet made any final determination regarding retiree benefits. In addition, the Debtor notes that the retirees are certainly entitled to participate individually as parties in interest should they have objections to any of the actions of the Debtor. Indeed, the Debtor raised no objection to their standing to object to its compensation motion recently approved by the Court in its Letter Decision and Order, dated May 9, 2003.

The Official Committee takes a similar position to that of the Debtor, noting that if the Debtor makes a decision to impair the rights of the retirees, it will be done on ample notice for them to then seek the appointment of a committee pursuant to Code § 1114. From the Official Committee's perspective, the Motion is actually one pursuant to Code § 1102, rather than

---

**1.** The Official Committee indicates that Robert Keller, the "ex-employee" serving on the Official Committee is the former chief executive officer of HP Hood, a dairy cooperative that was acquired by Agway. *See* Motion at ¶ 6.

Code § 1114, and is intended to allow the Retirees to address a broader range of issues than the former section while being able to have their attorney's fees paid by the Debtor's estate.

The UST opposes a second committee under Code § 1102. It has no problem with the appointment of a committee pursuant to Code § 1114 "once the issues become ripe."

## DISCUSSION

■ Counsel for the Retirees contends that their interests are not adequately represented by the Official Committee. It is the burden of the party seeking the appointment of an additional committee to prove inadequate representation. *See In re Dow Corning Corp.*, 194 B.R. 121, 144 (Bankr.E.D.Mich.1996) (citations omitted), *rev'd on other grounds*, 212 B.R. 258 (E.D.Mich.1997). Factors pertinent to adequate representation include

> the ability of the [current] committee to function; the nature of the case; and the standing and desires of various constituencies. (citations omitted). Courts have also recognized factors such as the potential for added cost and complexity, as well as the point in the proceeding when the motion is made. (citations omitted). Finally, courts have considered the fact that all creditors are able to participate through § 1109(b) and have the potential to recover expenses through § 503(b). (citations omitted).

*Id.* at 141.

The Retirees, while arguing that their official entrance into the case would not be disruptive as it would be limited to certain discrete issues that have not as yet arisen and asserting that reimbursement from the estate of any expenses with regard to attorney's fees would be limited to $10,000, have not established to the satisfaction of the Court that they lack adequate representation by the Official Committee.

■ Courts are reluctant to appoint multiple committees in a case "notwithstanding the diverse and sometimes conflicting interests of creditors." *In re Hills Stores Co.*, 137 B.R. 4, 6 (Bankr.S.D.N.Y. 1992). The Official Committee has demonstrated its ability to function in this case since its inception. This has included successful negotiations with the Debtor with respect to its earlier compensation motion, which was the subject of the Court's Memorandum Decision, Findings of Fact, Conclusions of Law and Order, dated April 21, 2003. In that Decision, the Court identified a number of reductions and modifications to the compensation programs originally proposed by the Debtors as a result of the Official Committee's negotiations with the Debtor over a period of several months. It is also noteworthy that the Retirees, as parties in interest, were not precluded from expressing their views in connection with the compensation motion. The fact that the Retirees are willing to limit the amount of compensation to be paid from the Debtor's estate does not, in the view of the Court, negate the fact that it would add an additional layer of expense which at this time does not appear warranted. Accordingly, the Court will deny the Retirees' motion insofar as it seeks the appointment of a committee pursuant to Code § 1102.

■ The issue is whether the appointment of a committee pursuant to Code § 1114 is appropriate at this time. In this regard, the Court is mindful that when enacted Code § 1114 was intended to "finally give retirees adequate representation in the bankruptcy proceedings." *See* 134 Cong. Rec. S 6940 (daily ed. May 27, 1988) (Mr. Heinz). It provides specific protections to retired employees, their spouses and dependents with respect to

certain insurance benefits. These benefits are defined by the statute as "medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death under any plan, fund or program () maintained or established in whole or in part by the debtor prior to filing a petition . . . ." 11 U.S.C. § 1114(a). According to the legislative history of Code § 1114, Congress intended "that the committees appointed under Section 1114 not replace the role of the unsecured creditors committee in protecting the claims and interests of retirees," however. *See* Senate Report (Retiree Benefits Bankruptcy Protection Act of 1988), III(C).

In response to the Retirees' Motion, Debtor's counsel argues that insofar as it seeks appointment of a committee pursuant to Code § 1114, it is premature because there has been no motion filed by the Debtor to modify or not pay retiree benefits. At the hearing on May 6, 2003, Debtor's counsel argued that "there must be a motion . . . for a committee to be formed." In this regard, it appears that Code § 1114 actually presents something of a dichotomy. Code § 1114(d) specifically provides that on a motion by a party in interest and after notice and a hearing, the bankruptcy court shall appoint a committee to act as the "authorized representative" of the retirees *in the event* that a debtor seeks to modify or not pay retiree benefits or if the Court otherwise determines that it would be appropriate. Yet, according to Code § 1114(f)[2], the debtor must first present its proposal to the "au-

thorized representative" and provide it with complete and reliable information and meet "at reasonable times" to discuss the proposal before the date of any hearing on the debtor's motion to modify the benefits. In addition, Code § 1114(k)(1) requires that the hearing on the debtor's application to modify be held not later than fourteen days after the date of the filing of the application. Thus, it is clear that before any application by the Debtor is made seeking modification of retiree benefits, an authorized representative not only must be appointed by the Court but it must also be given ample time not only to review any "relevant information as is necessary to evaluate the proposal," but also to meet and confer with the Debtor prior to any hearing on its application.

According to argument made by Retirees' counsel at the hearing on May 6, 2003, "the issue is really the disruption as occurred with the compensation motion and having to wait for a motion to be filed." Code § 1114(f) should provide comfort to the Retirees as the statute makes it clear that any authorized representative must be provided information and an opportunity for discussion before the application is presented to the Court for a hearing.

The Court finds that at this juncture in the case, it is premature to appoint a committee pursuant to Code § 1114(d). At such time as the Debtor determines that it is necessary to modify the retirees' benefits, as defined in the statute, the Court will again entertain a motion for the appointment of a committee to act as the

---

**2.** Code § 1114(f)(1) provides that

Subsequent to filing a petition and prior to filing an application seeking modification of the retiree benefits, the trustee shall–

(A) make a proposal to an authorized representative of the retirees, based on the most complete and reliable information available at the time of such proposal, which provides for those necessary modifi-

cations in the retiree benefits that are necessary to permit the reorganization of the debtor and assures that all creditors, the debtor and all of the affected parties are treated fairly and equitably; and

(B) provide, subject to subsection (k)(3), the representative of the retirees with such relevant information as is necessary to evaluate the proposal.

authorized representative of the retirees.[3] At that time, the Court may also consider whether it would be appropriate to expand the role of any committee appointed under Code § 1114. However, at this time, the Court finds that the retirees are adequately represented by the Official Committee. If there are specific issues that arise,[4] retirees, individually or collectively are certainly entitled to express their "unofficial" views, as they did in connection with the compensation motion, pursuant to Code § 1109.

Based on the foregoing, it is hereby

ORDERED that the Retirees' Motion seeking the appointment of a committee pursuant to Code § 1102 is denied; and it is further

ORDERED that the Retirees' Motion seeking the appointment of a committee pursuant to Code § 1114 is denied without prejudice to its being renewed by either the Retirees or the Debtor or any other party-in-interest consistent with this decision and the statute.

---

**3.** From a practical point of view, the Court recognizes that the Debtor may be in the best position to make such a motion if and when it determines that it will be necessary to modify the retirees' benefits since it cannot go forward with any application until it has presented its proposal to an "authorized representative."

**4.** Based on representations made to the Court, it would appear that the issues concerning the BEP are applicable to a limited number of former executives whose salary contributions exceeded the limits set under the ERISA-qualified pension plan and may not be appropriate for a committee representing the retirees as a whole, particularly when one considers that a committee appointed pursuant to Code § 1114 is entitled to have its attorney's fees paid out of the Debtor's estate. This fact in and of itself cautions against allowing a committee appointed under Code § 1114 from expanding its authority beyond the parameters set out in the statute to address concerns of a limited number of retirees at the expense of the debtor's estate.